CHARLES RADER, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1916.)

City of New York — action against, to recover for injuries — statutes — judgments.

> In an action against the city of New York to recover for personal injuries both the notice of intention to sue and the notice of claim gave the date of the accident as June 20, 1913, and it was so alleged in the complaint which was served after plaintiff upon being examined by the corporation counsel on September 3, 1913, had stated the correct date of the accident as June 30, 1913. Held, that the notices did not comply with the statute and that a judgment in favor of plaintiff by the court without a jury should be reversed and the complaint dismissed.

APPEAL by the City of New York from a judgment of the Municipal Court of the city of New York, borough of Manhattan, eighth district, for $300 and costs, entered in favor of plaintiff after a trial before the court without a jury.

Lamar Hardy (Terence Farley, E. Crosby Kindleberger, of counsel), for appellant.

Jacob C. Brand, for respondent.

FINCH, J. The action is for personal injuries, it being alleged that the plaintiff was knocked down by an automobile runabout used in the department of public works.

Plaintiff was a motorman on a Madison avenue car, and a block occurred several cars ahead of the

Misc.]    Supreme Court, Appellate Term, December, 1916.

car upon which the plaintiff worked. Plaintiff assisted in removing the obstruction and was on his way back to his own car when he was struck by the automobile. There is a conflict in the testimony as to just how the accident happened, but it is unnecessary to give this consideration for the reason that the statutory notice to the city was not sufficient.

It is undisputed that the accident happened on June 30, 1913. The notice of intention to sue was filed with the corporation counsel on or about August 5, 1913, and the notice of claim was filed with the comptroller of the city at about the same time. In both notices the date of the accident is alleged as June twentieth. Thereafter, on September 3, 1913, the plaintiff was examined by the corporation counsel, and stated the correct date of the accident, namely, June thirtieth. Subsequently, however, the complaint was served, alleging the date as June twentieth. The notice did not comply with the statute, and requires a reversal of this judgment and a dismissal of the complaint. *Weisman* v. *City of New York,* N. Y. L. J., Oct. 23, 1916.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs.

LEHMAN and WHITAKER, JJ., concur.

Judgment reversed, with costs.