FANNIE W. HUGHES *v.* CITY OF NASHVILLE.

(*Nashville.*    December .Term,  1916.)

**MUNICIPAL CORPORATIONS.** Defect in ways.   Sidewalks.   Notice to city.

The rule that the notice of injuries to the mayor of the city required by Acts 1913, chapter 55, is indispensable where the injury is the direct and open result of an act committed by the city does not apply to a case of injury from failure of contractor to guard or give warning of an excavation in an alley in the line of a sidewalk, which excavation was made by contract with the city, since the injury is not the direct and open result of the city's contract, but of the failure of the city and its contractor to give warning of the excavation.

Acts cited and construed:  Acts 1913, ch. 55.

Cases cited and approved:  White v. Nashville, 134 Tenn., 688; Dunnington v. Columbia, MS., December Term, 1915;  McCarty v. Town of Mountain View, 136 Tenn., 133;   Maness v. Coal Corporation, 128 Tenn., 143.

---

FROM  DAVIDSON.

---

Appeal from the Circuit Court of Davidson County.—A. G. RUTHERFORD, Judge.

DOUGLASS & NORVELL, for appellant.

EWING & GARARD, for appellee.

Mr. Justice Lansden delivered the opinion of the Court.

This is an action for personal injuries alleged to have been sustained by the plaintiff as a result of walking into "an excavation at the mouth of the alley just north of Ash street, made some hours before . . . by Dan J. Farrell, his agents and employees, in pursuance of his contract with the city . . . for the laying of an alley crossing at said place; that said Farrell and said city, . . . knowing or being chargeable with legal knowledge of said excavation, negligently and carelessly allowed same to remain open in the direct line of the sidewalk without due warning to pedestrians of its presence."

No notice was given to the mayor of the city as required by chapter 55, Acts 1913. It was settled in *White v. Nashville,* 134 Tenn., 688, 185 S. W., 721, that the act requiring notice is constitutional, and by its terms requires the notice to be given to the mayor in writing.

The act provides: "That no suit shall be brought against any municipal corporation in this State on account of injuries received by person or property on account of the negligent condition of any street, alley, sidewalk, or highway of such municipality, unless within ninety days after such injury to the person or property has been inflicted; a written notice shall be served upon the mayor of said municipality stating the time and place where said injury was re-

ceived, and the general nature of injury inflicted. The failure to give the notice prescribed in this act within the time set out shall be valid defense against any and all liability of the city which might otherwise exist on account of the defective or negligent condition of said street, alley, sidewalk, or highway.''

The question for decision is whether the injuries alleged to have been sustained by virtue of the condition of the sidewalk are such as are included within the terms of the act. It is said for plaintiff that the notice contemplated by the act would be useless inasmuch as the city caused the condition complained of to be created by contract with Farrell, and that the ''negligent condition'' referred to in the act refers to negligent omission or failure of the agents and employees of the city to keep the streets, alleys, etc., in proper repair, and does not refer to a condition produced by the direct act of the city.

The case of *White* v. *Nashville,* supra, did not determine the question presented here. That case, however, did determine that the notice must be given in the manner prescribed by the statute.

This court has had the act under review in two cases. The case of *Dunnington* v. *Columbia,* MS. December term, 1915, held that the city of Columbia was not entitled to notice in a case wherein it injured the property of the plaintiff by lowering the grade of a street upon which his property abutted. In the case of *McCarty* v. *Town of Mountain View,* 136 Tenn., 133, 188 S. W., 595, it was held that the city

was not entitled to notice where it dug a ditch or drain in such a way that injury resulted to the property of plaintiff because the ditch cast quantities of water thereupon.

But we are of opinion that this case is distinguishable from the cases last cited. The city is not entitled to notice under the act where the injury complained of is the direct and open result of an act committed by the city itself. In such a case the municipality which is entitled to the notice must know of the injury, and hence notice would be unnecessary. The declaration in this case avers that the negligence which resulted in the injury of plaintiff was the failure of the city's contractor to give due warning of the defective condition of the sidewalk upon which plaintiff was walking. The city had the right to make the excavation, and, if not completed within a day, to leave it overnight. But it should have given warning. Therefore plaintiff's injury was not the direct and open result of the act of the city. The proximate cause of her injury was the failure of the city and its contractor to give warning of the excavation created in the alley. If proper warning had been given, plaintiff need not have fallen into the excavation. The municipality may have known that the excavation was there, and it may have known this as a result of its contract with Farrell, but it could not know of the negligence of Farrell in failing to give warning. *Maness* v. *Coal Corporaton,* 128 Tenn., 143, 162 S. W., 1105.

Hughes v. City of Nashville.

It ordered Farrell to make the excavation, but it did not order him to leave it open and unguarded. His failure in this respect produced a "negligent condition" of the alley within the meaning of the act. We therefore think that it was entitled to the notice required by the statute. We have not discussed the cases from other jurisdictions cited by learned counsel for the reason that we do not believe them to be controlling. We think the sounder rule is that announced in our own cases. The result is that the judgment of the court of civil appeals is affirmed.