J. E. THOMPSON *et ux. v.* CITY OF CHATTANOOGA.

(*Knoxville.* September Term, 1920.)

1. MUNICIPAL CORPORATIONS. Service on mayor of notice of accident on street must be alleged.

The notice prescribed by Public Acts 1913, chapter 55, to be served on the mayor of a city, stating time and place where injury was received in street, must be alleged, to entitle injured party to maintain his suit and offer proof of notice. (*Post, pp.* 484, 485.)

Acts cited and construed: Acts 1913, ch. 55.

Cases cited and approved: Hughes v. City of Nashville, 137 Tenn., 177; City of Nashville v. Black, 219 S. W., 1043; Barrett v. Mobile, 129 Ala., 179; Bigelow v. Los Angeles, 141 Cal., 503; Columbus v. McDaniel, 117 Ga., 823; Atchison v. King, 9 Kan., 550; Lincoln v. Finkle, 41 Neb., 575; Reining v. City of Buffalo, 102 N. Y., 308; Philomath v. Ingle, 41 Or., 289.

2. PLEADING. No error in refusing to permit amendment to conform to proof after dismissal.

Court did not err in refusing to permit plaintiffs to amend their declaration to make it conform to the proof, where the motion to amend was not made until after the court had acted upon defendant's motion for a new trial, and had set aside the verdict for plaintiff, sustained the motion for a directed verdict, and had dismissed the suit; plaintiffs having had the question specifically called to their attention pending the motion for a new trial. (*Post, pp.* 485-487.)

Case cited and approved; Railroad v. Brown, 125 Tenn., 354.

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* to the Court

of Civil Appeals from the Supreme Court.—HON. OSCAR
YARNELL, Judge.

MILLER & MILLER, for appellants.

FRANK S. CARDEN, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

This is a joint action of damages brought against the
city of Chattanooga by the plaintiffs below, growing out
of personal injuries alleged to have been sustained by the
plaintiff Mrs. Caddy Thompson, wife of the plaintiff J. E.
Thompson, on account of falling on a defective and slip-
pery sidewalk in said city on August 18, 1918.    Mrs.
Thompson sought a recovery for the personal injuries
sustained by her, and her husband sought a recovery for
the loss of the services of his wife by reason of said in-
juries.

The evidence shows that the sidewalk on which Mrs.
Thompson fell runs along the east side of Grove street,
which runs north and south in the city of Chattanooga. It
was constructed of brick, which had become uneven or out
of line, and was lower than the street, and owing to defec-
tive or insufficient drainage, when a heavy rain would
fall, the walk at the point where Mrs. Thompson fell would
become submerged, and mud would settle upon it, render-
ing it slippery.   Recently before Mrs. Thompson was in-
jured a rain had fallen, and the walk had become sub-
merged slightly, and Mrs. Thompson, in attempting to pass
over the walk at the point where it was submerged, slipped

and fell, and in attempting to break the force of her fall she threw out her right hand, and fell with her entire weight on that hand, on account of which her wrist was severely sprained, and rendered practically useless for a period of two months. She testified that she was unable to avoid passing over this submerged sidewalk, as the street next to the sidewalk was also submerged, and the safest and best way for her to pass was over the sidewalk; it being submerged only by a slight "skim" of water. The evidence does not show how long this sidewalk had been constructed, or just how long this condition had existed. It is shown, however, by the testimony of the plaintiff J. E. Thompson that, for two years prior to the accident resulting in Mrs. Thompson's injuries, the walk had been overflowing at this point when a heavy rain would fall.

The plaintiffs' declaration averred:

(1) That the city had permitted the sidewalk to become defective by its failure to properly keep drained the locality in which it was situated, whereby overflow or backwater was permitted to submerge said sidewalk, thereby making it wet and slippery and dangerous for pedestrians to pass over.

(2) That it failed to grade and raise said sidewalk, so as to place it above and beyond overflow or backwater.

(3) That being chargeable with knowledge that the sidewalk might be submerged, the city failed to surface the same with such material as would afford a reasonably secure and safe footing for pedestrians during periods when said sidewalk was covered by water.

(4) That it failed to temporarily bridge said sidewalk, or to otherwise afford reasonable protection to the users of said sidewalk against such wet and slippery condition, and failed to give reasonable notice or warning to pedestrians using said sidewalk of its dangerous and slippery condition.

(5) That it failed to require adjacent property owners in that locality to take any steps to afford security or protection to the users of said sidewalk, such as raising the grade, draining the locality, or surfacing it with a different material, so as to render it safe for use as such.

No exception was taken to the fact by the city that the action was joint.

The defendant pleaded the general issue, and the case was tried before the court and a jury, resulting in a verdict of $300 in favor of Mrs. Thompson, and in favor of the husband for $100.

The defendant moved the court for a new trial upon several grounds, all of which were overruled, except the one ground which challenged the verdict on account of the plaintiffs' failure to allege in their declaration that the statutory notice had been served upon the mayor within ninety days of the accrual of their cause of action. This ground of the motion was sustained, and the verdict set aside, and in accordance with the defendant's motion for a directed verdict, made at the close of all the evidence, the plaintiffs' suit was dismissed.

From the action of the court, sustaining the defendant's motion for a new trial on the ground indicated, the plain-

tiffs prayed and perfected an appeal to the court of civil appeals. The defendant also prayed and perfected an appeal to that court from the action of the trial judge overruling the other grounds of its motion. Both sides, respectively, filed bills of exceptions to the action and rulings of the court.

The record shows, however, that the plaintiffs, before the appeals were perfected, and while the case was yet within the jurisdiction of the trial court, moved the court to reconsider its action setting aside the verdict and granting the defendant a new trial, and to permit them to amend their declaration by making appropriate averments of notice regularly given to the mayor of the defendant within the time and in the manner prescribed by statute, and thus cure any defect in the declaration, and, upon such amendment being made, to render judgment in favor of the plaintiffs in accordance with the jury's verdict. This motion was by the court overruled.

The court of civil appeals affirmed the judgment of the trial court, and the case is now before this court upon the petition of the plaintiffs for the writ of *certiorari* and for review.

It is insisted by the plaintiffs by their assignments of error that the court of civil appeals erred in not reversing the judgment of the trial court sustaining the defendant's motion for a new trial upon the ground that the declaration failed to aver the giving of the statutory notice, inasmuch as no question was made by the defendant on the sufficiency of the averments of the declaration, and plain-

tiffs had duly proven the giving of the statutory notice on the trial. It is further insisted that the court of civil appeals erred in not holding that the trial court committed error in denying the plaintiffs the right to amend their declaration, so as to aver the giving of the statutory notice to the mayor of the city within the time prescribed by the statute.

The declaration did not aver that notice was served upon the mayor of the defendant as prescribed by chapter 55 of the Public Acts of 1913. This act provides:

"That no suit shall be brought against any municipal corporation in this State on account of injuries received by person or property on account of the negligent condition of any street, alley, sidewalk, or highway of such municipality, unless within ninety days after such injury to the person or property has been inflicted; a written notice shall be served upon the mayor of said municipality stating the time and place where said injury was received, and the general nature of injury inflicted. The failure to give the notice prescribed in this act within the time set out shall be valid defense against any and all liability of the city which might otherwise exist on account of the defective or negligent condition of said street, alley, sidewalk, or highway.; and provided, further, that proof of registered letter by registry receipt addressed to the mayor setting forth the injury and place of injury complained of shall be a complete compliance with this act."

It is shown that on the trial the circuit judge, notwithstanding there was no averment in the declaration that notice had been served upon the mayor of the defendant

in accordance with the provisions of the foregoing stat-
ute, and over the objection of the defendant, permitted the
plaintiffs to introduce proof tending to show that writ-
ten notice was given the mayor within the time and as
provided by said statute, to which action the defendant
excepted, and the improper admission of this evidence was
made the basis of one of the grounds of its motion for a
new trial, and it was manifestly upon this ground, and
the failure of the declaration to aver the giving of notice
to the mayor as prescribed by the statute, that the de-
fendant's motion for a directed verdict was made and re-
lied upon.

Two questions are therefore presented for determina-
tion by this court: (1) Was it necessary, in order to en-
title the plaintiffs to prove notice and maintain their ac-
tion, that the giving of notice should have been averred
in their declaration? and (2) if so, did the trial court
commit error in refusing to permit the plaintiffs to so
amend their declaration as to aver the giving of notice af-
ter the motion for a new trial had been sustained and the
verdict set aside, and the motion of the defendant for a
directed verdict granted, and the plaintiffs' suit had been
dismissed?

It was held by this court in the case of *Hughes* v. *City
of Nashville,* 137 Tenn., 177, 192 S. W., 916, and in the
case of *City of Nashville* v. *Black,* reported in 219 S. W.,
1043, that notice of injuries to the mayor of the munici-
pality as required by chapter 55 of the Acts of 1913 was
indispensable, except in cases where the injury complain-

ed of is the direct and open result of an act committed by the city itself. It was held that in such cases the municipality, which is entitled to the notice, must know of the injury, and hence notice would be unnecessary. The question of whether or not it is necessary for the declaration or complaint to aver the giving of notice of the injuries to the mayor of the municipality has never been directly passed upon by this court.

In the case of *City of Nashville* v. *Mrs. Clara Hull*, MS. opinion by this court, delivered at its December term, 1917, it was intimated that it was necessary for the plaintiff to plead and prove the giving of the notice required by the act of 1913, as a condition precedent to her right to recover, though the question was not directly decided; the case going off upon other questions.

After a careful examination of the authorities bearing upon the question, we are of the opinion that the averment of notice was necessary to entitle the plaintiffs to maintain their suit and offer proof of notice. It is expressly provided by the statute that "no suit shall be brought," unless the notice is given. The effect of this language is to make the giving of notice a condition precedent to the plaintiff's right to sue, and, the giving of notice being a condition precedent to the plaintiff's right to sue, a compliance with the statute must be averred in the declaration or complaint. This holding is in accord with the rule announced by practically all of the decisions, among which are the following: *Barrett* v. *Mobile,* 129 Ala., 179, 30 South., 36, 87 Am. St. Rep., 54; *Bigelow* v. *Los Angeles,* 141 Cal., 503, 75 Pac., 111; *Columbus* v. *Mc-*

*Daniel,* 117 Ga., 823, 45 S. E., 59 *Atchison* v. *King,* 9 Kan., 550; *Lincoln* v. *Finkle,* 41 Neb., 575, 59 N. W., 915; *Reining* v. *City of Buffalo,* 102 N. Y., 308, 6 N. E., 792; *Philomath* v. *Ingle,* 41 Ore., 289, 68 Pac., 803.

The plaintiffs, having failed to aver the giving of notice in their declaration, were not entitled to introduce proof tending to show that notice was given of the injuries sustained by Mrs. Thompson as prescribed by statute, and this evidence should have been excluded by the trial judge.

Now, as to the contention of the plaintiffs that the trial court should have permitted them to amend their declaration, so as to aver the giving of notice, and make it conform to the proof which had been introduced as to the giving of notice, we are of the opinion that the court's refusal to do this cannot be treated as reversible error. The plaintiffs' motion was not made until after the court had acted upon the defendant's motion for a new trial, and had set aside the verdict, sustained the motion for a directed verdict, and had dismissed the plaintiffs' suit, though plaintiffs had had the question specifically called to their attention pending the motion for a new trial; but no application was made to amend the declaration at this time, when such application might have been treated by the court as having been seasonably made. The motion, coming, as it did, after the court had acted on the motion for a new trial, was too late.

The case of *Railroad* v. *Brown,* 125 Tenn., 354, 143 S. W., 1129, which is relied on by plaintiffs to sustain their contention, is not controlling of the question we have here.

That was a case in which the plaintiff's declaration failed to aver certain facts necessary to entitle him to recover, though proof was made of these facts on the trial without objection. After verdict and judgment the defendant moved in arrest of the judgment, without stating any grounds therefor in said motion. This motion was overruled by the trial court.

Upon a review of the case by this court it was held that the defendant's motion was not sufficient to require the action of the court favorable to the defendant, because it did not specify the supposed defect in the declaration.

While in the case under consideration the defendant seasonably objected to the evidence offered by the plaintiffs, to the effect that notice had been given or served in accordance with the provisions of the statute, but this objection was overruled by the court. The defendant preserved its exception to the action of the court overruling its objection to said evidence, and the improper admission of this evidence was urged as one of the defendant's grounds for a new trial; it being insisted that the evidence was inadmissible, because it was not averred in the declaration that notice had been given, and it being necessary that the declaration contain such averment to entitle the plaintiffs to introduce proof on that point. So it will be seen that the question was specifically brought to the attention of the trial court, and the trial court, realizing that it had commited manifest error, sustained the motion, set aside the verdict, and directed a verdict in favor of the defendant.

Thompson v. City of Chattanooga.

The plaintiffs had ample opportunity to make their application to amend their declaration before the court pronounced judgment on the defendant's motion for a new trial, and, not having taken advantage of this opportunity, but waiting until after the court acted upon said motion before making their application to amend, the application came too late, and it was not error for the trial court to refuse it.

It results that we find no error in the judgment of the court of civil appeals, and it will be affirmed with costs.