# CITY OF KNOXVILLE v. ROBERT FELDING.*

## (*Knoxville.* September Term, 1925.)

### 1. MUNICIPAL CORPORATIONS.

In respect to streets and sidewalks, cities exercise prerogative of sovereignty delegated by state, and originally were not liable for injuries resulting from negligent condition. (*Post, pp.* 589-590.)

Cases cited and approved: Memphis v. Lasser, 28 Tenn., 760; Nashville v. Brown, 56 Tenn., 1; Niblett v. Nashville, 59 Tenn., 685; Knoxville v. Bell, 80 Tenn., 158.

### 2. MUNICIPAL CORPORATIONS.

Legislature, having conferred right to sue cities for injuries from negligent condition of streets, might annex as condition precedent such limitations as were deemed expedient. (*Post, pp.* 590-592.)

Cases cited and approved: Weisman v. New York, 219 N. Y., 178; White v. Nashville, 134 Tenn., 695; Nashville v, Black, 142 Tenn., 405; Hilson v. Memphis, 142 Tenn., 620; Lansden v. Jackson, 142 Tenn., 650.

Case cited and distinguished: Thompson v. Chattanooga, 143 Tenn., 484.

### 3. MUNICIPAL CORPORATIONS.

Whether variance in date of injury and notice given to city under Acts 1913, chapter 55, is substantial or material is question of law for court. (*Post, pp.* 592, 593.)

Cases cited and approved: Gardner v. City of New London, 63 Conn., 268; McHenry v. Kansas City, 101 Kan., 180; Murphy v. St. Paul, 130 Minn., 410; Rader v. New York, 97 Misc. Rep., 648.

---

*(1-9) Necessity of notice required by statute as a condition precedent to right of action against municipality, see notes in 13 L. R. A. (N. S.), 1228; 20 L. R. A. (N. S.), 757.

On validity of requirement of notice of injury as a condition of municipal liability, see note in 36 L. R. A. (N. S.), 1136.

13 R. C. L., p. 487; 3 R. C. L. Supp., 59; 4 R. C. L. Supp., p. 821; 5 R. C L. Supp., p. 703.

City of Knoxville v. Felding.

4. STATUTES.

Intention of legislature must be determined from entire act. (*Post.* p. 593.)

5. MUNICIPAL CORPORATIONS.

Failure to give notice of injury to city under Acts 1913, chapter 55, within time required is valid defense against liability that may exist. (*Post, p.* 593.)

6. MUNICIPAL CORPORATIONS.

Unless requirements of Acts 1913, chapter 55, prescribing formal notice, time, place, and nature of injury as condition precedent to right to sue are met, city is not liable. (*Post, p.* 593.)

7. MUNICIPAL CORPORATIONS.

Notice to city of injury conforming to Acts 1913, chapter 55, but erroneously giving date of accident as ten days earlier than true date, *held* insufficient. (*Post, pp.* 593, 594.)

8. MUNICIPAL CORPORATIONS.

Defect caused by water washing dirt from between stones of sidewalk, *held* not result of obstruction created by city, as to which notice of injury under Acts 1913, chapter 55, is not required. (*Post, p.* 594.)

Acts cited and construed: Acts 1913, ch. 55.

Cases cited and approved: Elrod v. Franklin, 140 Tenn., 228; McCarty v. Mountain View, 136 Tenn., 133; Hughes v. Nashville, 137 Tenn., 177.

9. MUNICIPAL CORPORATIONS.

To relieve injured person of requirement of notice under Acts 1913, chapter 55, it must appear that injury was direct and proximate result of act committed by city itself. (*Post, pp.* 594, 595.)

Case cited and approved: Hilson v. Memphis, 142 Tenn., 630.

---

FROM KNOX.

---

Error to the Circuit Court of Knox County.—Hon. Chas. T. Cates, Jr., Special Judge.

M. W. EGERTON, W. H. PETERS, JR., and FRANK MONT-
GOMERY, for City of Knoxville.

W. T. KENNERLY and FRED C. HOUK, for Robert Feld-
ing.

MR. JUSTICE COOK delivered the opinion of the Court.

Robert Felding was permanently injured through the
negligence of the city in failing to keep its sidewalks in
a condition safe for travel at the point where Temper-
ance street crosses the mouth of Welcker alley. At the
time of the injury, Felding was thirty-eight years old,
in good health, and was earning by his labor a monthly
income of from $150 to $200. The injury produced
paralysis of the lower limbs, and practically destroyed
his earning capacity.

The trial in the circuit court resulted in a judgment
for $12,000 damages. The court of appeals held that the
trial judge should have directed a verdict in favor of the
city, because of a variance of ten days between the date
of the injury and the date given in the notice required by
chapter 55, Acts of 1913. The notice conformed to the
statute, but erroneously stated the date of injury as of
February 7, 1922, which the proof showed occurred Feb-
ruary 17, 1922.

As suggested by the court of appeals, doubtless the
discrepancy was the result of an error in typing, but the
court held that the cause of the variance was immaterial,
in view of the mandatory provision of chapter 55, Acts
of 1913. This statute makes notice of the time, place, and
nature of the injury a condition precedent to the right

of action. It provides that no suit shall be brought against a municipal corporation to recover damages for injuries due to the negligent condition of a street, alley, or sidewalk without written notice to the mayor, given within ninety days after the injury, and showing the date of the injury, the place of the accident, and the general nature of the injury; and the statute declares a failure to give the prescribed notice a good defense against all liability that might otherwise exist.

In Dillon on Municipal Corporations, sections 1613, 1665, 1687, it is said that statutes requiring notice of claims growing out of tort are sustained upon the ground that the liability of the municipality in that class of cases is of statutory origin, and that the legislature may properly annex conditions precedent to the right to recover or might take away the right altogether.

In respect to their streets and sidewalks, cities, like counties, exercise a prerogative of sovereignty delegated by the State, and it was not originally considered that they were liable for injury resulting from the negligent condition of streets and sidewalks. Now the county as an arm or agency of the State is not liable for the negligent maintenance of highways.

In the New England states where municipal government of towns was of common-law origin, it was not considered that such municipalities could be sued for the negligent maintenance of their streets, but now in all of the States, with the possible exception of South Carolina, municipal corporations are liable for injuries that result from the negligent maintenance of streets, sidewalks, and alleys. Their liability rests upon either an express statute or upon implied statutory authori :

sue. In Tennessee no statute expressly authorizes the action, but liability is said to be implied from the nature of the corporate duties and the means afforded by statute to enable performance of the corporate duties. Dillon on Mun. Corp., section 1638; *Memphis* v. *Lasser,* 9 Humph., 760; *Nashville* v. *Brown,* 9 Heisk., 1, 24 Am. Rep., 289; *Niblett* v. *Nashville,* 12 Heisk., 685, 27 Am. Rep., 755; *Knoxville* v. *Bell,* 12 Lea, 158.

The legislature, having conferred the power and imposed the duty from which the right to sue is implied, may annex to the right to sue such limitations, as a condition precedent to the right of recovery, as may be deemed expedient. Dillon, Mun. Corp., sections 1708, 1710.

The rigid application of statutes that require notice as a condition precedent to suit against the city, and the precision exacted as to time, place and nature of the injury, cannot be justified except upon the ground that originally the law forbade a recovery, and that the legislature which could take away the remedy has annexed as a condition precedent to the right of recovery, the requirement of notice, and made mandatory a statement in the notice showing with precision the time, place, and nature of the injury. Hence the courts say that, because the legislature has required by a mandatory statute the notice of time, place, and nature of the injury as a condition precedent to the right of recovery, no person can avail himself of the benefit of the law without strictly observing it. Such is the view of the Tennessee courts, supported by the weight of authority throughout the United States. We refer especially to cases cited in *Weisman* v. *New York,* 219 N. Y., 178, 114 N. E., 70,

Ann. Cas., 1918E, 1023 (see note 1026, and 6 McQuillin, Mun. Corp., section 2714, and cases cited, and Dillon on Mun. Corp., section 1613), and to our own cases which we think it proper to refer to at this point.

In *White* v. *Nashville,* 134 Tenn., 695, 185 S. W., 721, Ann. Cas., 1917D, 960, it is said that the manifest pur· pose of the legislature in passing chapter 55, Acts of 1913, was that no suit shall be brought except after no-- tice as required by the act.

In *Nashville* v. *Black,* 142 Tenn., 405, 219 S. W., 1043, 12 A. L. R., 453, the court held the plaintiff was required to prove, as a condition precedent to the right of re covery, that the statutory notice was given.

In *Thompson* v. *Chattanooga,* 143 Tenn., 484, 226 S. W., 186, the court said:

"After a careful examination of the authorities bearing upon the question, we are of the opinion that the aver ment of notice was necessary to entitle the plaintiffs to maintain their suit and offer proof of notice. It is expressly provided by the statute that 'no suit shall be brought,' unless the notice is given. The effect of this language is to make the giving of notice a condition precedent to the plaintiff's right to sue, and, the giving of notice being a condition precedent to the plaintiff s right to sue, a compliance with the statute must be averred in the declaration or complaint."

In *Hilson* v. *Memphis,* 142 Tenn., 620, 221, S. W., 851, the court denied a recovery upon a notice otherwise sufficient which failed to indicate the nature of the injuries.

In *Lansden* v. *Jackson,* 142 Tenn., 650, 222 S. W., 2, the court held that notice could not be waived by officers of the city, and that actual notice of the time, place, and

nature of the injuries would not excuse the injured person from giving the statutory notice.

The trial judge refused to direct a verdict holding that the variance in the notice and the date of the injury should be submitted to the jury upon the question of whether or not the city was in fact misled by the error in date.

Whether the variance is substantial or material is a question of law that must be determined by the court from a consideration of the difference between the time shown in the proof and the time stated in the notice. A variance of from one to ten days was held fatal to the right of recovery in *Gardner* v. *City of New London*, 63 Conn., 268, 28 A., 42; *McHenry* v. *Kansas City,* 101 Kan., 180, 165 P., 664; *Murphy* v. *St. Paul,* 130 Minn., 410, 153 N. W., 619; *Rader* v. *New York,* 97 Misc. Rep., 648, 162 N. Y. S., 275; *Weisman* v. *New York,* supra, and cases cited in the note.

If the observance of the statute should be made dependent upon whether the variance in date was in fact misleading, then the date might altogether be omitted, if verbal notice of the time was communicated to the proper city officials. Also verbal notice of time, place, and nature of the injury, which fully advised the proper city officials of the required facts, would be sufficient without regard to the statute. The result would be the judicial repeal of the statute which in express terms requires notice in writing of the time, place, and nature of the injury as a condition precedent to the right of recovery.

It is urged by plaintiff that the last clause of section 1 of the act renders unnecessary notice of time, but only

requires notice of the place, of the injury, and the nature of the injury.

Upon third reading in the house, the bill as originally introduced was amended as follows:

"And provided further, that proof of registered letter by registry receipt addressed to the mayor, setting forth the injury and place of injury complained of, shall be a complete compliance with this act."

We must view the entire act to determine the intention of the legislature, and with that done it is clear that the intention was to require notice in writing, stating the time and place where the injury was received, and the general nature of the injury inflicted, and failure to give the notice prescribed by the act within the time required is made a valid defense against any and all liability that might otherwise exist.

The act in mandatory language prescribes a formal notice of the time, place, and nature of the injury as a condition precedent to the right to sue and recover, and, unless these requirements are met, the city is not liable. The effect of the act was to take away the right of action unless chapter 55, Acts of 1913, was complied with. Such is the conclusion of our reported cases.

In *White* v. *Nashville,* supra, the court, speaking of the proviso above referred to, said it was intended to afford an easy method of accomplishing service of the notice on the mayor, and of proving that the notice was given as required by the preceding provisions of the act.

When the entire act is considered, it must be concluded that the legislature intended that the provision as to notice related to the mode of giving the notice and of establishing the fact that it was given, and that there was

153 Tenn.—38.

no legislative purpose to destroy or weaken the manda-tory provisions which preceded it.

It is further insisted that, even though the notice was not sufficient under the act, the injury inflicted upon plaintiff was due to a defect in the construction of the street which made notice unnecessary under the rule an-nounced in *Elrod* v. *Franklin,* 140 Tenn., 228, 204 S. W., 298, *McCarty* v. *Mountain View,* 136 Tenn., 133, 188 S. W., 595, and *Hughes* v. *Nashville,* 137 Tenn., 177, 192 S. W., 916.

It appears that the stone passageway across the mouth of Welcker alley had existed for many years, and that the flow of water out of the alley and across Temper-ance street washed the dirt from between the stones that formed the sidewalk across the alley, leaving a space between the stones of about eighteen inches in depth. The defect was the consequence of floods out of the alley washing away the dirt and impairing the original con-struction, and the injury was not the result of an obstruc-tion created by the city at this point, and the presump-tion would not follow as in *Elrod* v. *Franklin* that the city knew of the location of the obstruction because of its act in creating it.

In order to relieve the injured person of the require-ment of notice under the act of 1913, it must appear that, the injury complained of was the direct and proximate result of an act committed by the city itself, such as maintaining an obstruction which it placed in the high-way. *Hilson* v. *Memphis,* 142 Tenn., 630, 221 S. W., 851.

We have carefully considered all the propositions pre-sented through plaintiff's assignments of error, and, while upon the facts it clearly appears that the city was

negligent, no recovery can follow, because the legislature had a right to and did annex, as a condition precedent to the right of recovery for injuries resulting from the negligent maintenance of streets and sidewalks, the requirement of notice as prescribed by the statute, and we are bound by the statute.

Affirmed.