MRS. CORA A. GILKEY *et al.* v. CITY OF MEMPHIS.

(*Nashville.* December Term, 1928.)

Opinion filed May 25, 1929.

CAVETT & BUCHANAN, for plaintiff in error.

A. L. HEISKELL, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Mrs. Gilkey sued the City of Memphis for personal injuries sustained when she slipped and fell on an ice-covered sidewalk. Mr. Gilkey sued for loss of his wife's services. The learned trial judge instructed the jury to render verdict for the City, because notice was not given the City as required by Acts 1913, chapter 55. The plaintiffs have appealed in error.

The appeal was taken to this court because of an attack made on the constitutionality of the statute in plaintiff's motion for a new trial. The constitutional question made was determined in *Knoxville* v. *Felding,* 153 Tenn., 586, and is no longer open. Since no reference to that case is made on the brief of plaintiffs in error, we assume

the question would not have been made if it had been called to the attention of counsel.

██ The evidence shows that the ice which caused Mrs. Gilkey to fall was formed from water which had leaked from a fire plug maintained by the City. Because the leak had been in existence for sometime it is contended that the City was maintaining a nuisance, and therefore no notice of the resulting accident was required, for which *Elrod* v. *Franklin,* 140 Tenn., 228, and other cases of like import are cited.

No evidence was offered as to the cause of the leak, and it does not appear whether the fire plug was defective or whether the valve had been loosened by accident. The act of negligence averred in the declaration is that the City "recklessly and negligently permitted" the water to leak from the plug, not that the presence of the water on the sidewalk was the result of any act of an officer or employee of the City. There is no averment of the declaration, nor any evidence, that the conditions producing the accident were knowingly brought about by the City.

In *Knoxville* v. *Felding, supra,* quoting from *Hilson* v. *Memphis,* 142 Tenn., 620, 630, this court said:

"In order to relieve the injured person of the requirement of notice under the Act of 1913, it must appear that the injury complained of was the direct and proximate result of an act committed by the city itself, such as maintaining an obstruction which it placed in the highway."

██ The facts proven in *Williams* v. *Nashville,* 145 Tenn., 668, were that the city had wrongfully placed an obstruction in the street and had then negligently failed to protect the traveling public by giving warning of the obstruction. These facts met the test stated in the quota-

tion from *Knoxville* v. *Felding, supra,* and the statute requiring notice was held inapplicable. The facts of the present case do not meet such test, for there is no evidence that any act of the City caused the leak in the water plug which it is charged the City negligently failed to remedy. The facts alleged and proven therefore bring the case within the application of the statute. Acts 1913, chapter 55. And the statutory notice was essential to the plaintiff's action.

The plaintiffs pleaded and offered evidence of a notice mailed to the Mayor of Memphis. The trial judge held this notice insufficient because it failed to describe the nature of the injuries sustained by Mrs. Gilkey. *Hilson* v. *Memphis,* 142 Tenn., 620. There is no assignment of error attacking this ruling, but it is contended that the statute was complied with by the filing of the declaration, containing all the information required to be included in the notice, within the period during which notice might have been given in the form prescribed, a copy of which declaration was left with the city attorney of Memphis when he accepted service of process.

The statute requires that notice in writing be "served upon the Mayor." The purpose of this requirement is held to be "that there might be in the office of the Mayor a written record of the plaintiff's claim." *White* v. *Nashville,* 134 Tenn., 688, 694. Neither the language of the statute nor its purpose, as thus construed, is satisfied by service of notice upon the city attorney either before or at the time of bringing suit.

The language of the statute is: "No suit shall be brought . . . unless within ninety days . . . a written notice shall be served upon the Mayor," etc. This clearly implies that the notice must be given before filing suit and as a condition precedent to the right to begin the

suit. *Nashville* v. *Black,* 142 Tenn., 397, 407; *Thompson* v. *Chattanooga,* 143 Tenn., 477, 484.

. In *Thompson* v. *Chattanooga, supra,* the court said:

"It is expressly provided by the statute that 'no suit shall be brought,' unless the notice is given. The effect of this language is to make the giving of notice a condition precedent to the plaintiff's right to sue, and, the giving of notice being a condition precedent to the plaintiff's right to sue, a compliance with the statute must be averred in the declaration or complaint."

In upholding the constitutionality of the statute, *Knoxville* v. *Felding,* 153 Tenn., 586, the court treated the statute as imposing a condition precedent upon the right to sue a municipality for an injury sustained, and held that the statute affects not merely the remedy but the cause of action itself. In the course of the opinion the court said:

"The act in mandatory language prescribes a formal notice of the time, place, and nature of the injury as a condition precedent to the right to sue and recover, and, unless these requirements are met, the city is not liable. The effect of the act was to take away the right of action unless chapter 55, Acts of 1913, was complied with. Such is the conclusion of our reported cases."

The necessary result of this construction of the statute is that the prescribed written notice must have been served upon the mayor of the city before the suit was instituted. Until the statute was complied with there was no liability on the part of the city and no cause of action had accrued to the plaintiffs. Notice given after the issuance of summons, as the beginning of suit, is not a compliance with the statute.

The judgment of the circuit court is accordingly affirmed.