HETTIE A. WAITE, Plaintiff in Error,

*v.*

MAYOR EDMUND ORGILL et al., Defendants in Error.

(*Nashville,* December Term, 1957.)

Opinion filed February 6, 1958.

On Rehearing March 4, 1958.

MITCHELL, ELY & MITCHELL, Memphis, for plaintiff in error.

FRANK B. GIANOTTI, JR., JAMES M. MANIRE, and FRIERSON M. GRAVES, JR., Memphis, for defendants in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

There is only one determinative question in the case which is here on demurrer.

Mrs. Waite, the plaintiff in error, filed her declaration against the defendants on November 16, 1956, alleging that she suffered certain injuries on the 15th day of May, 1956, and that notice to the Mayor of Memphis had been

given on June 25, 1956. On December 17, 1956, defendants filed pleas of not guilty, contributory negligence and insufficient notice, and then special pleas as ordered.

On June 21, 1957, plaintiff in error was granted leave to amend her declaration, which she did on July 3, 1957, in which amendment she averred in substance that the first notice given to the city was defective with reference to the place where the accident occurred and that on account of her injuries sustained in said accident, she had not been able to discover this error in time to give a correct notice within the 90 days required by T.C.A. sec. 6-1003 but that on April 11, 1957, she had given the city notice of the exact location where she was injured.

The city demurred, among other things, on the ground that the purported amendment came too late having been delivered after suit was brought and after the 90-day period therefor had expired.

The trial court sustained the demurrer and dismissed the suit.

There is only one assignment of error, which taken by itself would be too indefinite for consideration, but the questions raised in the accompanying brief sufficiently present the insistences of the plaintiff in error. It is unnecessary, however, to discuss all of the questions raised by counsel for plaintiff in error. It is conceded by counsel that the first notice to the city was insufficient but it is urged upon us to hold that she was excused from giving proper notice within the 90-day period required by the statute.

This question was settled in this State many years ago in *Robinson v. City of Memphis,* 171 Tenn. 471, 105

S.W.2d 101. While it is true that in that case the disability involved was that of minority but the opinion, while recognizing that there were authorities to the contrary, nevertheless adopted the rule recognized by a great many other authorities to the effect that since the statute makes no exception in behalf of persons of immature age or other incapacity, the Court should not undertake to make such an exception. We see no reason to change the rule at this time and, therefore, hold that the physical disability of this lady did not excuse her from giving the proper notice within the 90 days required by the statute.

█ Plaintiff's counsel undertakes to bring this case within the rule that no notice is required where the injury is a direct result of some wrongful act committed by the city. Not only is this insistence contrary to the position taken by plaintiff's counsel in the act of attempting to give a sufficient notice, but the declaration itself fails to allege any act committed by the city. It simply states that she "stepped into a rut, depression, hole, rough edge or obstruction in said alley and was thereby caused to fall * * *", but no where does it attempt to state the nature of the obstruction or who placed it there or how long it had been here. At another point in the declaration it charges the city with negligence in not having the alley where the accident occurred properly lighted. This was simply nothing more than failure to act, if anything, and is insufficient to bring it within the rule stated in *Hughes v. City of Nashville,* 137 Tenn. 177, 192 S.W. 916; *City of Knoxville v. Felding,* 153 Tenn. 586, 285 S.W. 47; *Gilkey v. City of Memphis,* 159 Tenn. 220, 17 S.W.2d 4; *Sneed v. City of Memphis,* 6 Tenn. App. 1.

■ In argument, it is also insisted that to fail to excuse plaintiff for not giving notice by reason of her physical disability, deprives her of her rights under Article I, Sections 8 and 17 of the Constitution of Tennessee and Section 1 of the 14th Amendment to the Federal Constitution.

■ There is no merit in this suggestion because the plaintiff had no right to sue the municipality except for the act of the legislature conferring such power and the legislature in granting such a privilege had a right to annex it to this unqualified condition precedent consisting of the requirement of giving notice. *City of Knoxville v. Felding, supra; Gilkey v. City of Memphis, supra.*

The judgment of the trial court is affirmed.

### On Petition to Rehear

We find it necessary to overrule the petition to rehear because it contains nothing new in the way of argument or any matter overlooked by the Court. However, it is apparent from the brief in support of the petition to rehear that we did not make ourselves clear in the last paragraph of the opinion when we were referring to *City of Knoxville v. Felding* and *Gilkey v. City of Memphis.* The first line of the last paragraph should have read "There is no merit in this suggestion because *originally* the plaintiff had no right to sue the municipality", etc. Reference to the two cited cases will make this clear.

The petition to rehear is overruled.