# CITY OF PARIS, TENNESSEE, Plaintiff in Error, v. MRS. CARNELL BROWNING, Defendant in Error.
## —396 S.W.(2d) 372.

Western Section. July 26, 1965.

Certiorari Denied by Supreme Court November 15, 1965.

Hugh K. McLean, Paris, for plaintiff in error.

Aaron C. Brown and Aaron C. Brown, Jr., Paris, for defendant in error.

BEJACH, J.  This is the same cause which was before this Court on April 27, 1965 on motion to dismiss the appeal of plaintiff in error because no appeal bond had been filed, which motion was sustained by this Court in an opinion filed May 7, 1965, 55 Tenn.App., 92, 396 S.W. (2d)367. The plaintiff in error, City of Paris, was however, granted leave under the provisions of sections 27-601 T.C.A. et seq., to file the record and to apply for a writ of error. Such application was made, and on May 26, 1965 the writ of error was granted by this Court. The cause was heard on June 24, 1965, and is now disposed of by this opinion.

The cause arose out of an accident which occurred July 13, 1962. On that date the defendant in error, Mrs. Carnell Browning, who will hereinafter be referred to as

plaintiff, while unloading her child at a kindergarten near the intersection of Jackson Street and Park Street, Paris Tennessee, stepped backward onto a manhole located in or near the sidewalk at that point. A temporary cover for that manhole, which had been placed there by the City of Paris, turned or gave way beneath her, precipitating her foot and leg into the manhole, with resulting injuries complained of in this cause.

The record discloses that the cover for the manhole had been broken sometime prior to the accident. The defendant, City of Paris, ordered a replacement; but, being unable to procure promptly a new cover, handled the situation by placing over the manhole a metal top from a barrel or drum which fitted the opening. On top of this metal barrel top, for safety's sake, it placed a heavy weight, which had been a Coca Cola sign weight. The barrel top and the Coca Cola sign weight were made exhibits to the testimony of Mr. Jake Marr, street superintendent for the City of Paris. These exhibits were filed with the record and have been examined by this Court. In our opinion, they were adequate for the situation, and if the weight had remained on top of the barrel top, plaintiff's accident could not have occurred. At the time of the accident, however, the Coca Cola sign weight had been removed from the top of the manhole cover and was found some ten to fifteen feet away. There is no evidence in the record as to when, by whom, or under what circumstances this weight was removed, nor is there any evidence in the record which would charge the City of Paris with either actual or constructive notice that the weight had been removed from the top of the manhole.

Mrs. Browning, without having given the notice provided for in section 6-1003 T.C.A., filed suit. A demurrer,

because of failure to give such notice, was filed by the City of Paris, but same was overruled; whereupon, the City filed pleas of not guilty and contributory negligence. It again raised the question of failure of plaintiff to give the notice required by section 6-1003 T.C.A. by motions for directed verdict made both at the conclusion of plaintiff's testimony and, also, at the conclusion of all the proof. Said motions were overruled, and the cause submitted to the jury which returned a verdict in favor of the plaintiff for $2,166, on which verdict judgment for that amount was entered. The defendant City of Paris seasonably filed its motion for a new trial, which motion was overruled. After that, an appeal was prayed to the Court of Appeals and a bill of exceptions, preserving the testimony, was filed. As stated above, the appeal was dismissed because of failure to file an appeal bond; but, as is also stated above, the cause is now before us and is now being disposed of on writ of error.

Since failure to give the notice required by section 6-1003 T.C.A. constitutes the principal, though not the only ground on which a reversal is sought, we will here copy that Code section into our opinion, as follows:

"6-1003 Notice of tort action based on condition of streets.—No suit shall be brought against any municipal corporation, on account of injuries received by person or property on account of the negligent condition of any street, alley, sidewalk, or highway of such municipality, unless within ninety (90) days after such injury to the person or property has been inflicted, a written notice shall be served upon the mayor or manager of said municipality, stating the time and place where said injury was received and the general nature of injury inflicted. The failure to give the notice

"prescribed in this section, within the time set out, shall be valid defense against any liability of the municipality which might otherwise exist on account of the defective or negligent condition of said street, alley, sidewalk, or highway; and provided further, that proof of registered letter by registry receipt addressed to the mayor or manager setting forth the injury and place of injury complained of shall be a complete compliance with this section."

In this Court, as plaintiff in error, the City of Paris has filed seven assignments of error, all of which were covered in its motion for a new trial. We deem it unnecessary to copy these assignments of error into this opinion. The ones which we may consider present the following issues, viz.,

1. Did the trial judge err in overruling defendant's demurrer because of failure of the plaintiff to give the notice provided for in section 6-1003 T.C.A.?

2. Did the court err in overruling defendant's motion for a directed verdict in its favor made at the conclusion of all the evidence?

3. Did the trial court err in refusing to grant defendant's motion for a new trial on the ground that there is no material evidence to support the verdict?

4. Was the verdict of the jury excessive, and so excessive as to indicate passion, prejudice or caprice?

5. Did the trial court err in refusing to grant defendant's motion for new trial on the ground that the declaration did not contain any averment satisfying the requirements of section 6-1003 T.C.A.?

It is conceded that no notice complying with the provisions of section 6-1003 T.C.A. was given; but, it is contended by counsel for plaintiff that the City of Paris created the situation or condition which caused the plaintiff's injury, and, therefore, no such notice was necessary. In support of this contention, they cite McCarty v. Town of Mountain View, 136 Tenn. 133, 188 S.W. 595; Elrod v. Town of Franklin, 140 Tenn. 228, 204 S.W. 298, and Osborn v. City of Nashville, 182 Tenn. 197, 185 S.W.(2d) 510.

In McCarty v. Town of Mountain View, the town had constructed a drain along the margin of an avenue higher than plaintiff's property, which created a nuisance and damaged plaintiff's property. At that time, no previous case had construed chapter 55, Public Acts of 1913 (now carried forward into section 6-1003 T.C.A.), but the Supreme Court, basing its decision primarily on a Minnesota case construing a similar statute, held that the injury there involved was not such as was contemplated by the statute. The cause was remanded for a new trial.

In Elrod v. Town of Franklin, the town had negligently constructed a metallic curb box within a sidewalk, in violation of one of its own ordinances, on which the plaintiff stumbled and was injured. In that case, after suit had been filed against the Town of Franklin without giving the notice required by section 6-1003 T.C.A., plaintiff took a nonsuit and within ninety days refiled the suit after having given notice. The Supreme Court did not rule on whether the notice so given was a compliance with the statute, but held on authority of McCarty v. Mountain View that, under the facts of the case, notice was unnecessary.

In Osborn v. City of Nashville, no mention is made either of the giving of notice or of failure to do so. It may be that the notice was in fact given, as no defense on that ground was made; but the facts of the case were, in any event, such as might properly have been held to be controlled by the decisions in McCarty v. Mountain View and Elrod v. Town of Franklin.

In Williams v. City of Nashville, 145 Tenn. 668, 238 S.W. 86, the Supreme Court also held that where the City of Nashville had piled an obstruction of dirt in one of its streets and left same unguarded at night, with the result that plaintiff was injured, plaintiff was entitled to recover without the giving of the notice.

On the other hand, in Hilson v. City of Memphis, 142 Tenn. 620, 221 S.W. 851, although a notice was given, same was held to be defective and not in compliance with the requirements of the statute. In that case, like the one at bar, the plaintiff had stepped into a manhole in a sidewalk. On the ground that the notice required by section 6-1003 T.C.A. had not been given, and, also, on the ground that the evidence failed to show any negligence on the part of the city in failing to detect that the manhole cover was defective, a peremptory instruction for the defendant was affirmed. From the opinion of the Supreme Court in that case, written by Mr. Justice Hall, we quote as follows:

"We are of the opinion that, in order to relieve the injured person from the necessity of giving the notice required by the act of 1913, it must appear that the injury complained of was the direct and proximate result of an act committed by the city itself, such as maintaining an obstruction in the street, etc." Hilson v. City of Memphis, 142 Tenn. 630, 221 S.W. 854.

In that opinion, also, the Supreme Court said:

"We are also of the opinion that the Court of Civil Appeals did not commit error in sustaining the trial court's finding that the city had neither actual nor constructive notice of the defect in the sidewalk or manhole. This was one of the grounds upon which the trial court directed a verdict. There was no proof offered by the plaintiff tending to show that the defect in the manhole cover would have been revealed by an inspection of it. The evidence failed to show to what the defect in the cover was due, whether it was caused by a blow or a defect in its construction, and the evidence failed to show how long it had been defective, whether many days or one hour before the plaintiff's injuries. The burden of proof was on the plaintiff to show that the city had actual or constructive knowledge of the defect; it not appearing that the defect was due to the negligent construction of the sidewalk or manhole by the city." Hilson v. City of Memphis, 142 Tenn. 632, 221 S.W. 853.

In Hughes v. City of Nashville, 137 Tenn. 177, 192 S.W. 916, where the City of Nashville had contracted with one Farrell to make an excavation in a street which was left unguarded at night by Farrell, with result that plaintiff was injured, it was held that the City of Nashville was entitled to the notice required by section 6-1003 T.C.A., as a condition precedent to plaintiff's cause of action. From the Supreme Court's opinion written by Mr. Justice Lansden, later Chief Justice, we quote as follows:

"The case of White v. Nashville, supra (134 Tenn. 688, 185 S.W. 721), did not determine the question presented here. That case, however, did determine that

the notice must be given in the manner prescribed by the statute.

The court has had the act under review in two cases. The case of Dunnington v. Columbia, MS. December term, 1915, held that the city of Columbia was not entitled to notice in a case wherein it injured the property of the plaintiff by lowering the grade of a street upon which his property abutted. In the case of McCarty v. Town of Mountain View, 136 Tenn. 133, 188 S.W. 595, it was held that the city was not entitled to notice where it dug a ditch or drain in such a way that injury resulted to the property of plaintiff because the ditch cast quantities of water thereupon.

But we are of opinion that this case is distinguishable from the cases last cited. The city is not entitled to notice under the act where the injury complained of is the direct and open result of an act committed by the city itself. In such a case the municipality which is entitled to the notice must know of the injury, and hence notice would be unnecessary. The declaration in this case avers that the negligence which resulted in the injury of plaintiff was the failure of the city's contractor to give due warning of the defective condition of the sidewalk upon which plaintiff was walking. The city had the right to make the excavation, and, if not completed within a day, to leave it overnight. But it should have given warning. Therefore plaintiff's injury was not the direct and open result of the act of the city. The proximate cause of her injury was the failure of the city and its contractor to give warning of the excavation created in the alley. If proper warning had been given, plaintiff need not have fallen into the excavation. The municipality may have known that the

excavation was there, and it may have known this as a result of its contract with Farrell, but it could not know of the negligence of Farrell in failing to give warning. Maness v. Clinchfield Coal Corporation, 128 Tenn. 143, 162 S.W. 1105. It ordered Farrell to make the excavation, but it did not order him to leave it open and unguarded. His failure in this respect produced a 'negligent condition' of the alley within the meaning of the act. We therefore think that it was entitled to the notice required by the statute.''

Hughes v. City of Nashville, 137 Tenn. 179-181, 192 S.W. 917.

In City of Knoxville v. Felding, 153 Tenn. 586, 285 S.W. 47, where plaintiff was seriously injured as a result of the negligent condition of an alley caused by the washing away of dirt from between stones, it was held that although the city was guilty of negligence which caused plaintiff's injuries, plaintiff was not entitled to recover because it had not given the notice required by the statute here involved. From the opinion of the Supreme Court, written by Mr. Justice Cook, we quote as follows:

"In Thompson v. City of Chattanooga, 143 Tenn. 477, 484, 226 S.W. 184, 186, the court said:

'After a careful examination of the authorities bearing upon the question, we are of the opinion that the averment of notice was necessary to entitle the plaintiffs to maintain their suit and offer proof of notice. It is expressly provided by the statute that "no suit shall be brought," unless the notice is given. The effect of this language is to make the giving of notice a condition precedent to the plaintiff's right to sue, and,

the giving of notice being a condition precedent to the plaintiff's right to sue, a compliance with the statute must be averred in the declaration or complaint.'

In Hilson v. City of Memphis, 142 Tenn. 620, 221 S.W. 851, the court denied a recovery upon a notice otherwise sufficient which failed to indicate the nature of the injuries.

In Lansden v. City of Jackson, 142 Tenn. 650, 222 S.W. 2, the court held that notice could not be waived by officers of the city, and that actual notice of the time, place, and nature of the injuries would not excuse the injured person from giving the statutory notice.

The trial judge refused to direct a verdict holding that the variance in the notice and the date of the injury should be submitted to the jury upon the question of whether or not the city was in fact misled by the error in date.

Whether the variance is substantial or material is a question of law that must be determined by the court from a consideration of the difference between the time shown in the proof and the time stated in the notice. A variance of from one to ten days was held fatal to the right of recovery in Gardner v. City of New London, 63 Conn. 268, 28 A. 42; McHenry v. Kansas City, 101 Kan. 180, 165 P. 664; Murphy v. City of St. Paul, 130 Minn. 410, 153 N.W. 619; Rader v. New York, 97 Misc. 648, 162 N.Y.S. 275; Weisman v. New York [219 N.Y. 178, 114 N.E. 70], supra, and cases cited in the note.''

City of Knoxville v. Felding, 153 Tenn. 591-592, 285 S.W. 48.

Also from the same case, we quote:

"The act in mandatory language prescribes a formal notice of the time, place, and nature of the injury as a condition precedent to the right to sue and recover, and, unless these requirements are met, the city is not liable. The effect of the act was to take away the right of action unless chapter 55, Acts of 1913 (sec. 6-1003 T.C.A.), was complied with. Such is the conclusion of our reported cases.

In White v. Nashville, supra, the court, speaking of the proviso above referred to, said it was intended to afford an easy method of accomplishing service of the notice on the mayor, and of proving that the notice was given as required by the preceding provisions of the act.

When the act is considered, it must be concluded that the legislature intended that the provision as to notice related to the mode of giving the notice and of establishing the fact that it was given, and that there was no legislative purpose to destroy or weaken the mandatory provisions which preceded it.

It is further insisted that, even though the notice was not sufficient under the act, the injury inflicted upon plaintiff was due to a defect in the construction of the street which made notice unnecessary under the rule announced in Elrod v. Town of Franklin, 140 Tenn. 228, 204 S.W. 298, McCarty v. Town of Mountain View, 136 Tenn. 133, 188 S.W. 595, Hughes v. City of Nashville, 137 Tenn. 177, 192 S.W. 916.

It appears that the stone passageway across the mouth of Welcker alley had existed for many years, and that the flow of water out of the alley and across Temperance street washed the dirt from between the

stones that formed the sidewalk across the alley, leaving a space between the stones of about 18 inches in depth. The defect was the consequence of floods out of the alley washing away the dirt and impairing the original construction, and the injury was not the result of an obstruction created by the city at this point, and the presumption would not follow as in Elrod v. Town of Franklin that the city knew of the location of the obstruction because of its act in creating it.

In order to relieve the injured person of the requirement of notice under the act of 1913, it must appear that the injury complained of was the direct and proximate result of an act committed by the city itself, such as maintaining an obstruction which it placed in the highway. Hilson v. City of Memphis, 142 Tenn. 620, 630, 221 S.W. 851.

We have carefully considered all the propositions presented through plaintiff's assignments of error, and, while upon the facts it clearly appears that the city was negligent, no recovery can follow, because the Legislature had a right to and did annex, as a condition precedent to the right of recovery for injuries resulting from the negligent maintenance of streets and sidewalks, the requirement of notice as prescribed by the statute, and we are bound by the statute.''

City of Knoxville v. Felding, 153 Tenn. 595, 285 S.W. 49.

In Gilkey v. City of Memphis, 159 Tenn. 220, 17 S.W. (2d) 4, Mrs. Gilkey and her husband sued the City of Memphis for personal injuries sustained when she slipped on an ice covered sidewalk, the ice on which she fell having been formed from water which had leaked from a

fireplug maintained by the city. The plaintiffs mailed a notice to the mayor, which was held to be defective. Whereupon, they contended that notice was unnecessary. From the opinion of the Supreme Court in that case, written by Mr. Justice Swiggart, we quote as follows:

"The plaintiffs pleaded and offered evidence of a notice mailed to the mayor of Memphis. The trial judge held this notice insufficient because it failed to describe the nature of the injuries sustained by Mrs. Gilkey. Hilson v. City of Memphis, 142 Tenn. 620, 221 S.W. 851. There is no assignment of error attacking this ruling, but it is contended that the statute was complied with by the filing of the declaration, containing all the information required to be included in the notice, within the period during which notice might have been given in the form precribed, a copy of which declaration was left with the city attorney of Memphis when he accepted service of process.

The statute requires that notice in writing be 'served upon the Mayor.' The purpose of this requirement is held to be 'that there might be, in the office of the Mayor, a written record of the plaintiff's claim.' White v. Nashville, 134 Tenn. 688, 694, 185 S.W. 721, 722. Neither the language of the statute nor its purpose, as thus construed, is satisfied by service of notice upon the city attorney either before or at the time of bringing suit.

\* \* \* \* \* \*

'The act in mandatory language prescribes a formal notice of the time, place, and nature of the injury as a condition precedent to the right to sue and recover, and, unless these requirements are met, the city is not liable.

The effect of the act was to take away the right of action unless chapter 55, Acts of 1913 (6-1003 T.C.A.), was complied with. Such is the conclusion of our reported cases.'

The necessary result of this construction of the statute is that the prescribed written notice must have been served upon the mayor of the city before the suit was instituted. Until the statute was complied with, there was no liability on the part of the city and no cause of action had accrued to the plaintiffs. Notice given after the issuance of summons, as the beginning of suit, is not a compliance with the statute.''

Gilkey v. City of Memphis, 159 Tenn. 224-225, 17 S.W.(2d) 5.

Recent decisions of the Supreme Court construing the statute involved add little, if anything, to the cases enumerated above, which enumeration is, itself, incomplete, and nothing at all, so far as the instant case is concerned. These cases are Waite v. Orgill (1958), 203 Tenn. 146, 310 S.W.(2d) 179, and Hubbard v. City of Nashville (1963), 212 Tenn. 218, 369 S.W.(2d) 540. Waite v. Orgill held that physical disability of the plaintiff did not excuse her from the necessity of giving the notice required. Hubbard v. City of Nashville held that a notice dated June 8, 1961, which stated the accident had occurred May 17 at about 9 P.M., without stating the year of the accident, was a sufficient compliance with the statute.

■■■ Applying the above authorities to the facts of the instant case, we think it is clear beyond the peradventure of a doubt, that the proximate cause of the injury to Mrs. Browning, the plaintiff, excluding the question of her own contributory negligence, was not a negligent

substitution of the metal barrel top for the broken manhole cover, but the removal from that cover of the Coca Cola sign weight placed there to make it safe. If, as in City of Knoxville v. Felding, the washing away of dirt from between the paving stones, rather than the original construction of the pavement, did not create a situation which excused the plaintiff from giving the notice required by 6-1003 T.C.A., then, *a fortiori,* the removal of the Coca Cola sign weight from the manhole cover by some unknown person would not create such a situation. Likewise, if, as in Hilson v. City of Memphis, it was necessary if plaintiff was to be excused from giving the notice required by 6-1003 T.C.A., that the injury complained of be the direct and proximate result of an act committed by the city itself, then in the instant case the plaintiff's failure to give such notice must be held to be fatal. It is equally clear that the City of Paris had no notice, either actual or constructive, that the Coca Cola sign weight had been removed from the manhole cover. The trial judge, should, therefore, have granted defendant's motion for a peremptory instruction, both on the ground that no negligence had been proved against the City of Paris, and also on the ground that the notice required by section 6-1003 T.C.A. had not been given. Indeed, the defendant's demurrer raising the question of failure to give the notice should have been sustained. We are of opinion that the plaintiff in the case at bar does not fall within the line of cases which makes the giving of the notice unnecessary; but, on the contrary, falls squarely within the rule announced in Hilson v. City of Memphis, 142 Tenn. 620, 630, 221 S.W. 851, 854, where it was said: "We are of the opinion that, in order to relieve the injured person from the necessity of giving the notice required by the act of 1913, it must appear

that the injury complained of was the direct and proxi- mate result of an act committed by the city, itself, such as maintaining an obstruction in the street, etc.''

We are also of opinion that the case of Hilson v. City of Memphis is a controlling authority for our ruling that defendant's motion for peremptory instruction should have been granted on the additional ground that no negligence was shown in the evidence against the City of Paris. As was said by the Supreme Court in Hilson v. City of Memphis, at page 632 of 142 Tenn., at page 854 of 221 S.W., ''We are also of opinion that the Court of Civil Appeals did not commit error in sustaining the trial court's finding that the city had neither actual nor constructive notice of the defect in the sidewalk or man- hole. This was one of the grounds from which the trial court directed a verdict. There was no proof offered by the plaintiff tending to show that the defect in the man- hole cover would have been revealed by an inspection of it.'' In the instant case, there was no evidence charg- ing the City of Paris with either active or constructive notice that the heavy weight had been removed from the substituted manhole cover, thus creating the situation which resulted in injury to the plaintiff.

In our opinion the trial court should have sus- tained defendant's demurrer, and failing that, should, in any event, have granted its motion for directed verdict made at the conclusion of the proof. Assignments of Error I, III, IV and VII which present these questions in this Court are, therefore, sustained. Assignment of Error II which complains of failure to grant defendant's motion for directed verdict at the conclusion of plaintiff's proof, and V which contends that the preponderance of the evidence is against the verdict, are not properly

before this Court for consideration. In view of the disposition of the case as a whole, which we have made by sustaining Assignments of Error I, III, IV and VII, we deem it unnecessary to pass on Assignment of Error VI which complains that the verdict is excessive. The result is that this cause will be reversed and plaintiff's suit dismissed. The costs of the cause will be adjudged against the plaintiff, Mrs. Carnell Browning and her sureties on the cost bond filed in the lower court.