## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

### MIDDLE DIVISION.

---

### Mrs. Clara A. Elrod v. Town of Franklin.

## (*Nashville.* December Term, 1917.)

1. **TRIAL.** Instruction. Misleading character.

In an action against a city for injuries to a pedestrian who fell over an *obstruction in a* sidewalk, the instruction that the city did not insure the lives of those who used its sidewalks was not misleading because the jury might infer that the city did insure pedestrians against accidents resulting in injuries less than death, where the court later charged .fully as to the respective duties of the city and a pedestrian. (*Post, p.* 239.)

2. **DAMAGES.** Personal injuries. Peculiar condition of injured person.

Where a woman pedestrian tripped over an obstruction in a city sidewalk, and her fall, concurrently with previous injuries from childbirth, proximately caused other and additional injurries, which would not have resulted at that time but for the fall, she was entitled to damages compensating her for the injuries thus proximately resulting to her, not exceeding the amount laid in the declaration, since one of weak physical structure, or small vitality, or in ill health, has as much right to protection from violence as a robust athlete, and one injuring him or her

140 Tenn.]  (228)

is responsible for all ill effects naturally and necessarily follow-
ing the injury in the condition of health in which the in-
jured person was.   (*Post, p.* 239.)

Cases cited and approved:   L. & N. R. R. Co. v. Daugherty, 108
S. W., 336;   Jones v. Caldwell, 20 Idaho, 5.

Case cited and distinguished:   Railroad v. Northington, 91 Tenn.,
56.

3. APPEAL AND ERROR. Harmless error. Instruction.

In an action against a city for injury to a female pedestrian in a
fall over an obstruction in the sidewalk, where the proof was
that certain lacerations of plaintiff's perineum and the rupture
of the cervix were slight, but that plaintiff had other ailments
which probably resulted from childbirth, an instruction using
the word "slight" in defining the laceration of the perineum
and the rupture of the cervix as the result of childbirth, though
erroneous, was not reversible error.   (*Post, pp.* 239-242.)

4. MUNICIPAL CORPORATIONS. Injury on sidewalk. Liability.

Where a metallic curb box in a sidewalk was placed there by
agents of the city in violation of its own ordinance, and officers
and agents of the city saw the box in the position weekly and
monthly, or as least should have seen it, and the slightest in-
spection by the city would have disclosed the improper location
of the curb box, the city was liable to a pedestrian who tripped
and fell over such box to her injury.   (*Post, pp.* 242, 243.)

5. MUNICIPAL CORPORATIONS. Injury on sidewalk. Notice.
Statute.

A city, under Acts 1913, chapter 55, is not entitled to notice of
injury from a pedestrian where it created the obstruction in
the sidewalk which caused the injury;   the presumption being
that the city knew of the location of the obstruction because it
created it.   (*Post, pp.* 243, 244.)

Cases cited and approved:   McCarty v. Mountain View, 136 Tenn.,
133;   Hughes v. Nashville, 137 Tenn., 177;   Dunnington v. Co-
lumbia, M. S., Dec. Term, 1915.

6. **DAMAGES.** Personal injuries. Permittitur.

In a female pedestrian's action against the city for injuries to
her when she tripped and fell over a metallic curb box in the
sidewalk, there was no error in the trial court's requiring her
to remit $1500 of the $6500 verdict rendered by her by the jury,
where her injuries, though permanent and preventing her from
performing her usual household duties, consisted largely in the
performing her usual household duties, consisted largely in the
aggravation of a previous condition brought about by childbirth.
(*Post, p.* 244.)

FROM WILLIAMSON.

Error to the Circuit Court of Williamson County.
—HON. DOUGLAS WIKLE, Judge.

J. C. EGGLESTON and HENDERSON, & COURTNEY, for
plaintiff in error.

P. E. COX and FAW & CROCKETT, for defendant in
error.

MR. JUSTICE LANSDEN delivered the opinion of the
Court.

This is an action for damages for personal injuries
received by Mrs. Elrod as a result of an alleged de-
fect in a sidewalk within the corporate limits of the
defendant. The accident occurred December 1913,
and the suit was brought February 5, 1914, against
the defendant and another who was an individual
property owner abutting on the sidewalk where the

accident occurred. Defendant pleaded that the plaintiff had not given notice as required by chapter 55, Acts 1913. The plaintiff demurred to this plea, and the demurrer was sustained, and the plea stricken out. On September 24, 1914, defendant filed a plea of not guilty, and on the same day plaintiff took a nonsuit. Thereafter, but on the same day, plaintiff began suit by original summons against the defendant alone. When the first suit was brought, the plaintiff had not given the notice required by the act aforesaid, but on March 9, 1914, while the first suit was pending, the notice was given. The declaration was filed in the second suit January 6, 1915, to which defendant pleaded not guilty, April 6, 1915, together with a special plea in which it was averred that the plaintiff had failed to comply with chapter 55, Acts 1913, ''before the suit was brought,'' and also ''failed to give the defendant the notice provided to be given in said act before a suit of the nature of this suit can be brought.'' This plea further averred that the two suits brought by plaintiff were one and the same action to recover damages for the same injury, for the same negligence, and that, inasmuch as the first suit was brought before notice was given, the second suit could not obviate this defect in plaintiff's cause of action. Upon demurrer by plaintiff this plea was striken from the files.

The case was tried at the July term, 1915, and resulted in a mistrial. During the trial defendant moved for a directed verdict at the close of plain-

tiff's proof and at the close of all the proof. This motion was overruled. Later defendant moved for a new trial, and assigned as ground for a new trial the failure of the trial judge to sustain its motion for a directed verdict. This motion was overruled, and defendant prayed an appeal which was refused. It preserved a wayside bill of exceptions to the action of the court in overruling its motion for a new trial. There was another trial at the August term, 1916, which resulted in verdict for plaintiff in the sum of $6500. The trial judge required a remittitur of $1500, which being made, he entered judgment for plaintiff in the sum of $5000.

The proceedings in the court below are set out in detail because the defendant assigns errors upon them. The idea seems to be that the defendant acquired some right by virtue of the fact that the first suit was brought before notice was given as required by the act of 1913, which would prevent the plaintiff from taking a nonsuit, or of which the plaintiff could not deprive it by taking a nonsuit.

Plaintiff introduced evidence tending to show that on the night of the accident she had been to a picture show with her father. As she returned from the picture house to the residence of her father, about 9:30 p. m., with whom she was living, and accompanied by him, the night was dark, drizzly, gloomy, and disagreeable. She was walking with her hand in her father's arm, and they were both proceeding rapidly. They were traveling out Lewisburg avenue

within the corporate limits of defendant upon a dirt sidewalk which had been constructed by adjacent property owners before it was within the corporate limits of defendant. She struck an obstruction in the sidewalk with her foot, which threw her violently to the ground and rendered her unconscious for a time and inflicted other injuries upon her. She had not notice this obstruction before, and did not know it existed. This part of the city of Franklin is not as thickly inhabited as other portions of the city, and the sidewalk in question is not used as frequently as other sidewalks. However, it is inhabited and it is used, and at the time of the accident it was within the corporate limits of the city, and had been for about ten years.

The city of Franklin was originally chartered in 1815 by special act of the legislature. Subsequently this charter was amended divers and sundry times, but in 1903, by chapter 77 of the Acts of that year, the franchise theretofore exercised by the town of Franklin was abolished, and the various acts and amendments incorporating it were repealed. At the same session of the legislature the town of Franklin was reincorporated by chapter 79 of the Session Acts of that year, and, among other things, it was given power to provide water for its inhabitants by laying pipes for the conducting and distributing of water over the town. By Ordinance No. 18 the city enacted that, "when it is desired to introduce a water service pipe into any premises from a main passing along

said premises, the employees of the town will run the pipe at right angles with said main pipe to the inside curb line of the street, at which point a metallic curb box will be placed on the grade line of the sidewalk.'' It was also given charge of the streets and sidewalks within corporate limits.

The obstruction over which plaintiff fell was a metallic curb box located from seven to ten inches inside of the grade line of the sidewalk and protruding above the surface of the sidewalk from two to three inches. This curb box was installed about the years 1907 or 1908 after the granting of the charter under which the city is now operating, and after the passage of the ordinance aforesaid. An officer of the city visited this curb box monthly for the purpose of reading the meter contained in it. The recorder passed over the point where plaintiff fell almost weekly, and both of them say they did not notice the obstruction. Nevertheless plaintiff has offered evidence tending to show that the curb box is inside of the sidewalk and above the surface as stated, and has been so for a number of years.

When the plaintiff fell she was thrown to the ground with such force that she was unable to walk home and was confined to her bed for three or four days afterward. She was attended by physicians, who finally recommended that she consult experts, who examined her and recommended an operation. Plaintiff says that before the fall she attended to her household duties, took in boarders, and sewed,

and worked without any pain.   After the fall she
suffered severe pain in the back of the neck, the head,
and the hip.   She has to go now most of the time
upon crutches.   She had the operation indicated
above, and, so far as known, made a complete recov-
ery from the operation.   Since then she has tried to
work at different things, but has been unable to do so
because of the pain in the hip and the head.

Plaintiff is the mother of three children, all of
whom were born before her injury.   When she was
operated on the surgeon found a slight laceration
of the cervix and perineum, together with a retro-
version and adhesions, which fixed the womb in its
retroverted position.   The ovaries were lying under
the womb and contained a number of small cysts.
The fallopian tubes were inflamed and thickened in
their outer half.   These conditions probably existed
before the accident, but the proof is that a fall such
as plaintiff sustained would probably increase the
retroversion and might possibly produce it.   There
is proof that the condition of plaintiff's hip is per-
manent.

When the trial judge entered judgment for $5000
in favor of plaintiff, both parties appealed to the
court of civil appeals.   In that court errors were as-
signed by both parties, and the judgment of the court
below was reversed, and the case remanded for a
new trial.   The court held that there was no error
in overruling defendant's motion for directed verdict,
but sustained the errors assigned to the action of the

trial judge in his charge to the jury. The court of appeals sustained three assignments of error made in that court by the defendant. The first assignment sustained was for failure of the trial judge to give in charge the following special request:

"The court instructs you that the city does not insure the lives of those who use its sidewalks and streets. All that the law requires is that the sidewalks should be reasonably safe for travel thereon, and if you find from the evidence that the sidewalk in question was reasonably safe your verdict must be for the defendant. Likewise the law imposes a duty upon those using sidewalks to exercise ordinary care and diligence for their own safety."

The learned trial judge in his principal charge to the jury upon the subject under consideration gave the following instructions:

"The court instructs you that the city does not insure the lives of those who use its sidewalks and streets. All that the law requires is that the sidewalks should be reasonably safe for travel thereon, and if you find from the evidence that the sidewalk in question was reasonably safe, your verdict must be for the defendant. Likewise the law imposes a duty upon those using sidewalks to exercise ordinary care and diligence for their own safety."

"Now, as the court has already instructed you, persons using the sidewalks of a city are bound to use ordinary care to prevent accidents and injury to themselves, and if you find that the plaintiff did not

use such care, and that such failure, if any, contributed or was the proximate cause, or contributed to her injury, if any, the plaintiff cannot recover.''

At the conclusion of the principal charge, the trial judge gave the following special requests offered by defendant.

''Should you find, from a preponderance of the proof that the accident resulting in plaintiff's alleged injuries, if any, was directly due to the alleged negligence of defendant, and should you also find that at the same time the plaintiff was guilty of contributory negligence, which resulted in or contributed directly or proximately to the accident, then your verdict should be in favor of the defendant.''

''If you believe from the evidence that the defendant is guilty of negligence, and also believe from the evidence that the plaintiff is also guilty of negligence, and that this negligence of the plaintiff, combined with the negligence of the defendant, produced the accident, so that the acts of negligence together constituted the proximate cause of the injury to plaintiff, then the negligence of the plaintiff, however slight, would bar a recovery, and you should find for the defendant.''

''If the alleged defect in the sidewalk was of such a character as not to be generally noticed or observed by persons passing over it, then your verdict should be for the defendant, unless you find that the defect was of such a character as to render the sidewalk

unreasonably unsafe, and unless you find further that the defendant had actual notice of the defect. In considering the question as to whether or not the defect was of such a character as to be generally noticed or observed, you should consider the fact, if you find it to be a fact, that the plaintiff and her father in passing along the sidewalk and in the immediate vicinity of the alleged defect failed to notice or observe it.''

''Gentlemen, I further charge you that before you can find for the plaintiff you must not only believe from the evidence that the sidewalk at the place where plaintiff fell was out of repair, and the defendant had actual or implied notice thereof, but you must further find that by reason thereof that it was. not reasonably safe for persons using the same with ordinary care and prudence.''

''I further charge you that the burden of proof is on the plaintiff, and before she can prevail in this action she must satisfy the jury by a preponderance, that is, by the greater weight, of evidence that the sidewalk at the place of the injury was out of repair to such an extent as to render it unsafe or dangerous to persons passing over the same, using ordinary care and prudence, and that defendant had actual or implied notice thereof, and by reason of said sidewalk being so out of repair, plaintiff was thrown to the ground, and received the injuries complained of; and, unless the preponderance of testimony so satisfies you, your verdict must be for the defendant.''

Elrod v. Town of Franklin.

The court of civil appeals held that the first quotation from the charge was misleading to the jury in that it said "that the city does not insure the lives of those who use its sidewalks and streets," because the jury might well infer that, inasmuch as the city did not insure the lives of pedestrians, it did insure them against accidents resulting in injuries less than death. We think this was error upon the part of the court of civil appeals. When the charge is considered as a whole, we think it impossible for the jury to have concluded that the trial judge meant that the city was an insurer in any respect. He clearly defined the measure of care to which both plaintiff and defendant are held. While he did commit error in limiting the liability of the city as an insurer to the lives of those who walk upon its streets, we think this was rectified by the whole charge and the special requests offered by defendant and given in charge by the judge. The error committed did not affect the verdict of the jury, and was doubtless a mere inadvertence.

In defining plaintiff's measure of damages the trial judge made the following statement in his principal charge:

"And you further find that said fall, concurring with said previous injuries from childbirth, proximately caused other and additional injuries to plaintiff which would not have resulted at that time but for said fall, then, in that event, you should find damages for the plaintiff in such sum as in your

judgment will compensate her for the injuries thus proximately resulting from said fall, but in no event to exceed the amount laid in the declaration, to-wit, $15,000.''

The court of civil appeals held this was error, and further held that the measure of damages under the facts of the case should be as follows:

''If you further find that said fall proximately caused other and additional injuries to plaintiff, which would not have resulted at the time but for said fall, then she would be entitled to recover damages for such other and additional injuries.''

While the language of the judge may be somewhat inapt, we think it embodies the correct rule. The holding of the court of civil appeals would limit the recovery which plaintiff was entitled to have to the results of the actual injuries sustained without regard to her condition at the time of the fall. The liability of one who negligently or unlawfully injures the person of another is not to be measured by the physical strength of the party injured or his capacity to endure suffering. One of weak physical structure, or small vitality, or in ill health, has as much right to protection from violence as a robust athlete, and in either case the physical injury, the bodily harm, which is actually caused by the violence, whether one be strong or weak, healthy or sick, is the natural consequences of the wrong. The defendant is responsible for all ill effects which naturally and necessarily follow the injury in the

condition of health in which the plaintiff was at the time of the fall, and it is no defense that the injury might have been aggravated and rendered more difficult to cure by reason of plaintiff's state of health at that time, or that by reason of latent disease the injuries were rendered more serious to her than they would have been to a person in robust health. If the afflictions which plaintiff had before the fall did not cause her pain and suffering, as she says they did not, but after the fall they did cause pain and suffering, the fall is the proximate cause of the injuries sustained. The defendant is not entitled to receive a reduction of the damages which plaintiff suffered on account of such infirmities. The foregoing statement of the rule is supported by a great preponderance of authority. Cases will be found collected in 48 L. R. A. (N. S.), 120, and 15 L. R. A. (N. S.), 740; *L. & N. R. R. Co.* v. *Daugherty* (Ky.), 108 S. W., 336, 15 L. R. A. (N. S.), 740, supra; *Jones* v. *Caldwell,* 20 Idaho, 5, 116 Pac., 110, 48 L. R. A. (N. S.), 120, supra. .

In our own case of *Railroad* v. *Northington,* 91 Tenn., 56, 17 S. W., 880, the doctrine above stated was recognized. This was a death case, but the court approved a charge which said in substance that, if the deceased already had a fatal disease from which there was no hope of recovery, and his death was inevitable from that disease in a short time, and the injury was slight and of such a character as to aggravate the disease, and he died of the disease, and

140 Tenn.—⁴

not of the injury, the plaintiff could not recover; but if death was hastened, or occurred sooner, by reason of the injury, than it otherwise would, then the injury was the cause of death. The court examined authorities *pro* and *con* and accepted the foregoing statement as embodying the true doctrine. In the course of the opinion the court made this statement:

"A man might be suffering from an incurable disease, or mortal wound, with only two days to live, when a negligent wrongdoer inflicted upon him an injury which in his condition of debility took his life or developed agencies which destroyed him in one day, and yet the latter wrong be in a legal sense the cause of his death, though it only hastened that which on the next day would have inevitably happened."

The court of appeals did not consider the last clause of the first excerpt from the charge set out in this opinion on this subject, or at least it does not quote this clause in its opinion, and seems to think that the trial judge meant to say that plaintiff could recover for the infirmities which she possessed prior to the fall. But the statement to the jury that they will "compensate her for the injuries thus proximately resulting from said fall," when both the condition of plaintiff at the time of the fall, and the injuries sustained from the fall are taken together, qualifies the meaning of the trial judge so as to eliminate the error which the court of civil appeals found.

Another criticism directed at the foregoing excerpt from the charge is at the use of the word "slight" in

defining the lacerations of the perineum and the rupture of the cervix as a result of childbirth. The proof is that the lacerations of the perineum and the rupture of the cervix were slight, but that plaintiff had other ailments set out above which probably resulted from childbirth. It will be observed that these infirmities are not referred to by the trial judge in his charge. The criticism is that this description of previous injuries by the trial judge was calculated to impress the jury with the belief that they amounted to but little as a diseased condition, while the expert testimony tends to indicate that the condition was serious. This was error, but we do not think it was reversible error. It is always safest for the trial judge not to characterize the testimony of the witnesses, but leave that for the jury.

The defendant assigns as error that the court of appeals should have dismissed the suit instead of reversing and remanding it. The court of appeals was clearly right. The curb box over which plaintiff fell was placed in the sidewalk by agents of the city in violation of its own ordinance. Officers and agents of the city saw the curb box in this position weekly and monthly, or at least they should have seen it. The slightest inspection upon the part of the city would have disclosed the improper location of the curb box. The city insists that at the time it was installed it was level with the surface of the sidewalk, if not covered entirely over. But it must be admitted that it was improperly located by the city through its agents, and in violation of its ordinance.

It is fair to presume that the city had a record of its location in its office to which its agents and officials had easy access, and if they did not actually see and know the negligent condition which the curb box created, it must be held in law to have done so.

This also disposes of the question of notice indicated in the statement of the history of the case. As a matter of fact, the notice was given within ninety days, as required by the Acts of 1913, but it was not given before the institution of the first suit. It was given before the institution of the last suit. The notice is not a part of the defendant's liability nor of the plaintiff's cause of action. It is a necessary preliminary step for the convenience of the defendant, and if it is given within the ninety days, it would seem that the defendant would have no just complaint. However, this is not decided, because it is well settled in this state that the defendant is not entitled to notice where it created the obstruction in the sidewalk which caused the injury. *McCarty* v. *Mountain View,* 136 Tenn., 133, 188 S. W., 595; *Hughes* v. *Nashville,* 137 Tenn., 177, 192 S. W., 916; *Dunnington* v. *Columbia,* M. S. December term, 1915. The presumption is that the city knew of the location of the obstruction because it created it.

The plaintiff assigns error that the trial court required her to remit $1500 of the verdict rendered by the pury and rendered judgment for only $5000. We think there was no error in this.

The judgment of the court of appeals is reversed, and that of the circuit court is affirmed.