## MARTHA AVANT v. CITY OF MEMPHIS.

Western Section. November 28, 1930.

Petition for Certiorari denied by Supreme Court, April 4, 1931.

Brahan Housten, of Memphis, for appellant.
Abe Waldauer, of Memphis, for appellee.

SENTER, J.  The parties will be referred to as in the lower court, Martha Avant, plaintiff, and City of Memphis, defendant.  Plaintiff sued the defendant for $5,000 damages alleged to have resulted by her falling into a hole in Texas Avenue in the City of Memphis about December 10, 1926.  The declaration alleges that the notice of the injury and the defective condition of the street was given as required by the statute and delievered to the Hon. Rowlett Paine, the then Mayor of Memphis.

At the trial of the case a motion for a directed verdict in favor of the defendant was allowed by the trial judge.  A motion for a new trial was sustained and the case was again tried at a subsequent term of the court.  On the second trial at the conclusion of the evidence the court again sustained the motion of defendant for a directed verdict in its favor.  The motion for a new trial was duly made and overruled.

There is a stipulation contained in the record by which it is agreed that the bill of exceptions in the form of a wayside bill of exceptions, preserved by the defendant at the first trial, wherein the court sustained the motion for a new trial, be treated as a bill of exceptions in this case.  It. is further stipulated by counsel for the respective parties that the only questions involved on this appeal are:

"  '(a)  The sufficiency of the statutory notice to the city.

"(b)  The variance between the place of injury stated in the notice and that shown in the evidence.

"(c)  Delivery of notice to the Mayor."

The three assignments of error by appellant present these questions and are directed to the action of the court in instructing the jury to return a verdict for the defendant, and in holding that the notice was insufficient to meet the requirements of the statute, and in over-ruling plaintiff's motion for a new trial.  The notice alleged to have been given by plaintiff was prepared by her attorney, and by him

delivered to the secretary of the Mayor. At the first trial the court, in sustaining a motion for a directed verdict, held that a delivery of the notice to the Secretary of the Mayor was not sufficient to meet the requirements of the statute, Chapter 55 of the Public Acts of 1913. This Act is in the following language:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee; that no suit shall be brought against any municipal corporation in this State on account of injuries received by person or property on account of the negligent condition of any street, alley, sidewalk, or highway of such municipality, unless within ninety days after such injury to the person or property has been inflicted, a written notice shall be served upon the Mayor of said municipality stating the time and place where said injury was received, and the general nature of the injury inflicted. The failure to give the notice required in this Act within the time set out shall be a valid defense against any and all liability of the city which might otherwise exist on account of the defective or negligent condition of said street, alley, sidewalk or highway; and, provided, further, that proof by registered letter by register receipt addressed to the Mayor setting forth the injury and place of injury complained of shall be a complete compliance with this Act."

However, upon a motion for a new trial made by plaintiff, the trial judge sustained the motion and granted a new trial, which was a practical reversal of his holding to the effect that the delivery of the notice to the secretary of the Mayor was not a delivery to the Mayor, as required by the statute. The defendant excepted and took a wayside bill of exceptions.

At the second trial of the case, at the conclusion of the evidence, the court sustained the motion of defendant for a directed verdict on the ground that the notice was insufficient in that it did not state the year in which the injury was received, and was insufficient in that it did not describe the location of the alleged defect in the street definitely, and a verdict was accordingly rendered in favor of the defendant. A motion for a new trial by plaintiff was overruled, and an appeal in the nature of a writ of error prayed and granted to this court.

The notice alleged to have been delivered to the Mayor is not dated and is addressed to Mayor Rowlette J. Paine, Court House, and is as follows:

"Dear Sir:

"According to the provisions of Chapter 55 of the Public Acts of Tennessee of 1913, I am giving you notice on behalf of Martha Avant, who lives at 1331 Texas Avenue, Memphis, Tennessee, that she sustained serious injuries on account of fall-

ing in an unguarded hole in Texas Avenue about the fourteenth hundred block, that is about one hundred yards south of 1331 Texas Avenue, on the night of December 10, or about that date, and the City of Memphis repaired the hole following the injuries to Martha Avant. She was unable to extricate herself from the hole and remained there for sometime exposed to the weather. On this account she has contracted pneumonia and is seriously ill; she has injured her back and legs and head, and can hardly walk, that is, she was hardly able to walk before her pneumonia reached its present stage. It is our information from members of the neighborhood that this hole has been unguarded for ten days prior to the injury.''

By its motion for a directed verdict the defendant assigned three reasons why this notice did not conform to the requirements of Chapter 55 of the Public Acts of 1913, above quoted. The first is that the delivery of the notice to the secretary of the Mayor was not a delivery to the Mayor. The Act provides that the notice shall be delivered to the Mayor or it may be sent by registered mail addressed to the Mayor. Numerous authorities are cited by appellant in support of the contention that a delivery of the notice to the Secretary and leaving the same with the Secretary of the Mayor, is a delivery to the Mayor, and is in substantial compliance with the Act, and further contends that the trial judge by his action in granting a new trial on the motion of plaintiff at the first trial was a finding of fact by the trial judge that the notice had been delivered to the Mayor. The fallacy of this contention is in the fact that the learned trial judge did not find that there was actual delivery of the notice to the Mayor in person. He simply held that the delivery of the notice to the Secretary of the Mayor was substantial compliance with the provisions of the Act. On this question we are of the opinion that it is controlled by the case of White v. Nashville, 134 Tenn., 688, and also by the case of Lansden v. City of Jackson, 142 Tenn., 651. In the White case plaintiff relied upon the notice alleged to have been given to the City Attorney, and by pointing out the place where the injury was alleged to have been sustained, and the particular defect in the street and explaining how the injury occurred to a special agent of the city law department. In that case the court said in substance that there is nothing in the Act indicating that a verbal notice would suffice; nor does the Act require notice to the City Attorney, or a special agent of the city law department, and that there is nothing in the Act to indicate that its terms are to be met by showing such employees of the city the place where plaintiff's injuries were sustained, and the particular defect in the street and explaining to them how the injury occurred. In that case the court proceeds to say:

"On the other hand the Act requires a written notice, and that it shall be served upon the Mayor and that it shall state the time and place where the injury was received. . . ."

In the same case it is further said:

"That proof of registered letter by registry receipt addressed to the Mayor setting forth the injury and place of injury complained of shall be a complete compliance with this Act," and

In commenting upon that provision with reference to notice by registered letter the court states:

"In the provision just quoted there is found a plain and easy method of accomplishing the service of the written notice on the Mayor required by an earlier provision of the Act."

In Lansden v. City of Jackson, supra, it was held that the notice required by the statute served on one of the City Commissioners was insufficient. It appeared that the City of Jackson at the time had a commission form of government.

It does not appear in the present case that the secretary to the Mayor ever delivered the notice to the Mayor, or otherwise called his attention to it, rather would it appear that it was turned over to a Mr. Bondurant, a claim agent for the City of Memphis, since the name Bondurant appears written in pencil on the notice. We are therefore of the opinion that a delivery of the notice in this case to the secretary of the Mayor, where it does not appear that the secretary turned it over to the Mayor, or called his attention to it, does not meet the provisions of the Act.

On the question as to the sufficiency of the notice in the matter of location of the alleged defect in the street, we are also of the opinion that the notice is too indefinite, and does not state the location of the defect as is contemplated by the provisions of the Act. The notice states that the defect was at a point about one hundred yards from the residence of plaintiff, 1331 Texas Avenue, in the fourteenth hundred block. It does not state whether the defect was in the street or in the sidewalk or on what side of the street, nor does it state the distance with accuracy. This question was thoroughly considered in the case of Sneed v. City of Memphis, 6 Tenn. App. Rep., 1, decided by this court, and in which case numerous cases were cited containing instances and conditions illustrative of the point that location of the alleged defect must be stated definitely and accurately. We deem it unnecessary to review the long line of cases cited and discussed in the Sneed case. However, we are of the opinion that under the decided weight of authority the location of the defect must be definitely stated in the notice.

On the question as to the time of the alleged injury the notice does not purport to state the year, nor is the notice dated. It simply states that the accident occurred on the night of December 10, or

about that date, without stating the year. It is insisted by appellant that where the year is not stated that the court will infer that it was the current year. Some authority is cited in support of this contention, but we have failed to find any Tennessee case so holding. In the case of Felding v. City of Knoxville, 153 Tenn., 586, it was held that where the notice stated that the accident occurred on February 7, 1922, and the proof showed that the accident occurred on February 17, 1922, that it was a fatal variance and was not in conformity with the provisions of the Act on the subject of the notice stating the time of the injury. In that case it seems that the notice in all other respects conformed to the provisions of the Act, and it was suggested that the discrepancy was probably the result of an error in typing, as found by the Court of Appeals. However, the Court said, that the cause of the variance was immaterial in view of the mandatory provision of Chapter 55, Acts of 1913, and held that whatever the cause of a discrepancy, that it would not excuse the failure to comply by stating accurately the date. In the Felding case a large portion of the opinion is devoted to a discussion of the mandatory nature of the Act and the necessity for full compliance in the matter of giving the notice required by the Act.

We are of the opinion that for all of the reasons above stated, plaintiff failed to give the notice as required by the Act. It results that we find no error, and the judgment below is accordingly affirmed. Appellant will pay the cost of this appeal, the appeal is on the pauper's oath.

Heiskell, J., and Steele, Sp. J., concur.