JONES *et al. v.* CITY OF KNOXVILLE.

*(Knoxville,* September Term, 1937.)

Opinion filed Oct. 2, 1937.

(1)

WEBSTER L. PORTER, of Knoxville, for plaintiffs in error.

WAYNE PARKEY, of Knoxville, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

John H. Jones and Katherine Plummer separately sued the City of Knoxville to recover damages for personal injuries alleged to have been suffered by them when the automobile in which they were riding, driven by Jones, collided with a manhole on Jasper street in the City of Knoxville. The two cases were tried together and the results were a verdict in favor of Jones for $300 and in favor of Katherine Plummer for $500. On defendant's motion for a new trial, the verdict in favor of Jones was set aside and defendant's motion, made on the trial, for a directed verdict in its favor, was granted. As to Katherine Plummer, the trial judge allowed a *remittitur* of $100, which was accepted by her under protest, and defendant's motion for a new trial, as to her, was overruled. Both plaintiffs appealed to the Court of Appeals, as did also the defendant.

The Court of Appeals affirmed the judgments of the trial court. The plaintiff, Katherine Plummer, and defendant City of Knoxville, have filed their respective petitions for *certiorari* and assigned errors.

The accident occurred about 10:30 p. m. on April 11, 1936. Katherine Plummer was riding on the front seat of the automobile driven by Jones. Three persons were riding on the back seat. All of the occupants of the car had been attending some sort of committee meeting at

a Baptist church. It had been raining hard all of that evening and it was misting at the time of the accident. The night was dark. The car was being driven at about 18 miles per hour when the front axle struck a manhole protruding above the level of the street, causing the car to stop suddenly and throwing Miss Plummer against the windshield. Her injuries consisted of a cut over the eye and a fracture of the frontal bone. There is some evidence that she suffers from headaches as a result of this injury. She was earning $7 per week when injured and she lost three months' time. Her doctor's bill was $50.

Defendant's assignments of error may be summarized as follows: (1) There was no evidence to support the verdict; (2) that no actual notice to the city of the defect was proven, and no sufficient proof was made that the dangerous condition had existed for a sufficient length of time to charge the city with constructive notice; (3) that there was no proof that the required statutory notice was given the city; (4) that if the statutory notice exhibited was served on the city it is wholly inadequate to meet the requirements of the statute in that the general nature of the injuries is not described.

■■ It is not insisted that the protruding manhole was not such a defect as to impute negligence and a breach of duty to maintain the streets in a reasonably safe condition if the city had received notice of the defect. It was shown in proof by one witness that she complained of the condition of the manhole to one Wise who had charge of it. The witness was about to describe the official position and the nature of the duties of Wise when she was interrupted by counsel for the city. It was shown by another witness that the dangerous condition

of the manhole had existed from the previous April. Thus there was material evidence that the city had actual notice of the defect, and that such condition had existed for a sufficient length of time to impute knowledge thereof to the city. This evidence was not refuted by the city.

█ On the question of whether the required statutory notice was given the city (Code 1932, sec. 8596), it appears that there was filed as an exhibit to the declaration a copy of the notice dated April 20, 1936, together with a return receipt of a registered letter, showing receipt of the notice by the mayor on May 2, 1936. Counsel for plaintiff testified that he prepared the notice, addressed it to the mayor, and mailed it. He was about to read the copy of the notice into the record when counsel for defendant agreed that it might be treated as read. It thus appears from the record that the statutory notice was given the city.

██ On the question of whether the notice sufficiently described plaintiff's injuries, it was stated in the notice that she was thrown "against the windshield with such force as to cause serious injuries to her face and head." The general rule is that a reasonable and substantial compliance with such statute is all that is required. 43 C. J., 1201. In *Hilson* v. *City of Memphis*, 142 Tenn., 620, 221 S. W., 851, it was held that a notice which merely stated that plaintiff "was badly hurt" did not constitute a substantial compliance with the statute. In the instant case the notice went further and specified "serious injuries to her face and head." In *Maryville* v. *McConkey*, 19 Tenn. App., 520, 90 S. W. (2d), 951, 952, a notice was held sufficient which stated: "I suffered injuries to my left arm, lower limbs, back and sides and

probably internal injuries." McQuillin on Municipal Corporations, vol. 6, section 2899, was cited in support of the holding.

We find no merit in any of the assignments of error made by defendant and the same are overruled.

■ The petition of Miss Plummer makes the one question that the Court of Appeals erred in not restoring the $100 remitted by the trial judge. We cannot say there was any error in this action of the Court of Appeals and the assignment of error must be overruled.

■ In the Court of Appeals the city insisted that Miss Plummer's complaint as to the $100 *remittitur* could not be considered because she failed to move for a new trial when the *remittitur* was suggested by the trial judge. The majority of the Court of Appeals held that a motion for a new trial is unnecessary in such case. Section 8987 of the Code is as follows:

"In all jury trials had in civil actions, after the verdict has been rendered, and on motion for a new trial, when the trial judge is of the opinion that the verdict in favor of a party is so excessive as to indicate passion, prejudice, corruption, partiality, or unaccountable caprice on the part of the jury, and a *remittitur* is suggested by him on that account, with the proviso that in case the party in whose favor the verdict has been rendered refuses to make the *remittitur,* a new trial will be awarded, the party in whose favor such verdict has been rendered may make such *remittitur* under protest, and appeal from the action of the trial judge to the court of appeals; and if, in the opinion of said court of appeals, the verdict of the jury is not so excessive as to indicate passion, prejudice, partiality, corruption, or unaccountable caprice on the part of the jury, and the judgment of

the trial court is correct in other respects, the case shall be reversed to that extent, and judgment shall be rendered in the court of appeals for the full amount originally awarded by the jury in the trial court.''

Under the plain language of the statute the remedy provided for the party accepting a *remittitur* under protest is to appeal from the action of the trial judge to the Court of Appeals and there have reviewed the propriety of the action of the trial judge in suggesting a *remittitur*.

Both petitions for *certiorari* must be denied.