BROWN *v.* CITY OF CHATTANOOGA.

(*Knoxville*, September Term, 1943.)

Opinion filed October 16, 1943.

Maurice Weaver and Carlyle S. Littleton, both of Chattanooga, for plaintiff in error.

J. W. Anderson, E. H. Tatum, and Ralph Shumacker, all of Chattanooga, for the City.

Mr. Justice Prewitt delivered the opinion of the Court.

*Certiorari* has been granted and this case argued. The circuit judge sustained a general motion for a directed verdict and dismissed the plaintiff's suit. The Court of Appeals affirmed the judgment of the trial court.

Belle Brown, the plaintiff, is a colored woman and lived within about two blocks of the scene of the injury, and about noon on October 24, 1940, she was walking along the street on the south side of McCallie Avenue and stepped on a loose plank, causing her to fall and break an arm and suffering other serious and painful injuries. In the early summer the Works Progress Administration began the construction of a storm sewer beginning at the intersection of Flinn and Palmetto Streets and extending northwardly on the east side of Palmetto Street to McCallie Avenue; thence eastwardly along the south side of McCallie Avenue to the east side of Magnolia Street. A ditch some five or six feet wide and twelve to fourteen feet deep was excavated for this purpose. The general supervisor and foreman on this work were employees of and paid exclusively by the WPA. The defendant City rented some of its trucks and loaned some of its truck drivers to the WPA. These drivers were paid by the WPA. The City Surveyor and Superintendent of Streets were on and over the entire project every day.

As the work progressed on this sewer line the side of the street on which it was being constructed was blocked off and barricaded with wooden horses. The opposite

side of the street was left open for traffic. As the work progressed, crosswalks made of four 2"x10"x10' planks were laid at different points for the use of the public as well as the employees. These walks were moved from place to place as the work progressed.

We are of opinion that this work on the streets of Chattanooga and the placing of these crosswalks thereon was being done by an independent agency and not the City, and was not work of which the City had control. This being true, it was necessary for the City to have either actual or constructive notice of the defective crosswalk. It is not shown that either the City Engineer or Superintendent of Streets knew where these crosswalks were placed or how they were placed.

Question is made as to the sufficiency of the notice. The notice was fully dated November 5, 1940, and stated that "on October 24, at about noon-day, Mrs. Belle Brown, colored, was a pedestrian," etc. The notice itself failed to state the year in which the accident happened. It is urged that the letter being dated November 5, 1940, that October 24 must be presumed to be in the year 1940. To this contention we agree. We are not unmindful of the language of this Court in *City of Knoxville* v. *Felding,* 153 Tenn., 586, 590, 285 S. W., 47, 48, where it was said:

"The rigid application of statutes that require notice as a condition precedent to suit against the city, and the precision exacted as to time, place and nature of the injury, cannot be justified except upon the ground that originally the law forbade a recovery, and that the Legislature which could take away the remedy has annexed as a condition precedent to the right of recovery, the requirement of notice, and made mandatory a statement in

the notice showing with precision the time, place, and nature of the injury."

The Court of Appeals cites *Avant* v. *City of Memphis*, 13 Tenn. App., 362. In that case, however, the notice was not fully dated as in the instant case.

In *Jones et al.* v. *City of Knoxville*, 172 Tenn., 1, 108 S. W. (2d), 882, it was held that a reasonable and substantial compliance with the statute is all that is required. That was a case involving the sufficiency of the contents of the notice and is in accord with the modern view that such statutes are to be "liberally construed as to the contents of the notice." 38 Am. Jur., Municipal Corporations, par. 690, p. 394, citing in the footnote *David* v. *St. Louis*, 339 Mo., 241, 96 S. W. (2d), 353, 106 A. L. R., 849.

We are of opinion that where the notice is fully dated, month, day and year, and the body of the notice, as in this case, shows the month and day without the year, but that the month is a recent one and especially so since coming within the same year of the fully dated notice, that this is sufficient.

It is next complained that the question of contributory negligence was one for the jury. It might be observed that the excavation was barricaded at all points except at the crossing. The planks over the excavation were not anchored at either end nor were they held together by a cross timber. No reason was given for not using them at this particular time and place. It will be borne in mind that the plaintiff undertook to cross this ditch at a place provided by the City. The planks across the excavation at this point were laid so that people could walk across there and they had used this walkway regularly for a reasonable time before the injury. This in-

dicates an intention on the part of the City to establish this as a crossing and an invitation to the public to so use it. We are not able to say under the facts of this case that the plaintiff was guilty of such contributory negligence as a matter of law to bar a recovery.

■ A city does not warrant its sidewalks to be safe, but is liable for any damage which may be caused by defective walks which it knew or might have known by the exercise of reasonable care to be defective. *Jackson* v. *Pool*, 91 Tenn., 448, 19 S. W., 324.

■ In all cases, before the plaintiff's negligence can be held to bar a recovery it must appear that such negligence directly contributed to bring about the injury. This is the test of the plaintiff's right to recover in all cases involving contributory negligence. *Bejach* v. *Colby*, 141 Tenn., 686, 214 S. W., 869.

■ The negligence of the plaintiff must be the proximate cause of the injury, or proximately concur with the negligence of the defendant to bar the rights of the plaintiff. Where there is any question about these facts, it becomes a question for the jury.

It results that the judgments of the lower courts will be reversed and the case remanded for a new trial.