CITY OF MEMPHIS *v.* MISS LOUISE DUSH.

CITY OF MEMPHIS *v.* MISS VICTORIA DUSH.

(*Jackson,* April Term, 1955.)

Opinion filed March 9, 1956.

Rehearing denied April 5, 1956.

FRANK B. GIANOTTI, JR., CHARLES M. CRUMP and FRIERSON M. GRAVES, JR., all of Memphis, for plaintiffs in error.

WILLIAM M. WALSH and J. ALLAN HANOVER, both of Memphis, for defendant in error.

654

Mr. Justice Prewitt delivered the opinion of the Court.

These two cases were tried together and resulted in a jury verdict of $7,000 in favor of Miss Louise Dush, and $6,000 in favor of Miss Victoria Dush. The trial judge suggested a remittitur of $1,500 in each case which the plaintiffs accepted and the City of Memphis apealed in error from both judgments. The Court of Appeals affirmed.

We have granted certiorari and heard argument.

Both plaintiffs sustained broken hips when they fell on the sidewalk in Memphis.

The injuries occurred while the parties were walking arm in arm along the North side of Looney Street on their way to church about 10:00 a. m. Sunday morning, November 8, 1953. The plaintiff, Miss Victoria Dush, was walking on the right side of the sidewalk next to the street. She was about 77 years of age, had lost the sight of one eye, and walked with a cane. Her sister, Miss Louise Dush, was 73 years of age, her hearing somewhat impaired, and wore glasses.

The plaintiffs lived a few blocks away from the scene of the injuries on Mill Avenue, which had been their home for over 70 years. They were accustomed to taking long walks together to downtown Memphis, and various churches where they attended Mass. On this particular Sunday they were on their way to the Holy Name Catho-

lic Church located at Keel and Woodlawn, about three or four blocks from the scene of the accident. They had often times passed the scene of the accident in their customary walks together and also in attending church.

At the scene of the accident the roots of a tree located between the sidewalk and the curb had raised one of the blocks of concrete so that the west end of the block of concrete projected above the level of the adjacent block of concrete in the sidewalk a distance of three and one-half to four inches on the south or street side.

On this Sunday morning as the plaintiffs approached the scene of the accident going eastward, Miss Victoria Dush, who was on the right, caught her shoe heel on the highest portion of the raised block of concrete in the sidewalk. She fell to the curb or sidewalk and pulled her sister, Miss Louise Dush, down with her since they were walking arm in arm. Both these ladies sustained broken hips.

There was an automobile parked in the yard a few feet from the scene of the accident. There were three men standing about the car close to the sidewalk. The plaintiffs were looking at the men, whom they were about to pass at the particular time Miss Victoria hung her shoe on the raised block of concrete and fell.

The witnesses testified that as far back as 1945 the block of concrete had been raised by the tree roots, and had gradually been raised higher since then as the roots of the tree grew.

The defendant, City, pleaded not guilty, contributory negligence, and insufficiency of the ninety day notice of the accident as provided by Section 8596 of the Tennessee Code. The defendant made proper motions for directed verdicts both as to time and form, which were overruled.

It is contended by the City that the defect which

existed in the sidewalk did not constitute actionable negligence on the part of the City. In *City of Memphis* v. *McCrady*, 174 Tenn. 162, 124 S. W. (2d) 248, the Court held that a joint of concrete pavement extending two and one-half inches above the adjoining block did not constitute a dangerous obstruction from which injury might have been reasonably anticipated, and that the trial judge should have directed a verdict for the defendant.

In that case the Court at page 164 of 174 Tenn., at page 249 of 124 S. W. (2d) used the following language:

"Cases are cited by the Court of Appeals wherein it is held that such obstructions from two to five inches in height are regarded as trivial and insufficient to support a recovery of damages. It is to be noted that some of these opinions depend upon the application of a local statute, and each case rests upon its peculiar facts."

"(1) We have no statute measuring liability of municipalities for injury resulting from defects in sidewalks. This case is to be determined by reference to the common law. In Elrod v. [Town of] Franklin, 140 Tenn. 228, 204 S. W. 298, the town of Franklin was held liable for injury caused by falling over a curb box that projected two or three inches above the surface of the sidewalk. It is to be noted that the box which constituted the obstruction was placed in the sidewalk by agents of the town in violation of its own ordinance."

Again, in the McCrady case the Court said on page 165, of 174 Tenn., on page 249 of 124 S. W. (2d) of its opinion:

"In none of the cases is the height or depth of the obstruction made the test of negligence. Liability is dependent upon the breach of duty imposed by law

upon municipalities to guard against dangerous obstructions on the sidewalk, and the municipality is liable when it appears that the obstruction constituted a danger from which injury might be reasonably anticipated. The municipality cannot be held as an insurer, nor can it be charged with the duty to correct slight defects in sidewalks resulting from inequality in the expansion joints, produced by natural causes, where the inequality or unevenness does not make a dangerous obstruction calculated to produce injury to persons exercising reasonable care. And so, where the evidence is conflicting, or the facts such as to authorize different inferences as to whether the defect is a dangerous obstruction calculated to cause injury, the case must be submitted to the jury, but, where the defect or obstruction is such that reasonable men would not differ in the conclusion that the obstruction or defect was not dangerous to travel in the ordinary modes by persons exercising due care, a verdict should be directed."

"(5) The injury to plaintiff resulted from striking her heel against an uneven section of the sidewalk. As she was walking along the pavement in daylight, her heel struck against a rise at the expansion joint which projected two and a half inches above the adjacent block, and the fall upon the pavement injured her. *There was nothing unusual about the situation surrounding plaintiff at the time.* The projection at the expansion joint extended evenly all the way across the sidewalk. It was a defect that did not obstruct the use, and it could not be foreseen or anticipated that injury would result from use of the sidewalk in the exercise of reasonable care. The undisputed facts present no issue for the jury. The only

inference is that it could not be reasonably foreseen or anticipated that injury would result from use of the sidewalk by persons exercising ordinary care. Under such circumstances, the Court of Appeals properly held that a verdict should have been directed." (Italics ours.)

Many cases on the subject are set out in 37 A. L. R. (2d), page 1198 et seq.

Two years following the opinion in the McCrady case the Court of Appeals in *Rye* v. *City of Nashville,* 25 Tenn. App. 326, 156 S. W. (2d) 460, Felts, Judge, fully discussed the principles laid down in the McCrady case and also its own case of *Batts* v. *City of Nashville,* 22 Tenn. App. 418, 123 S. W. (2d) 1099.

In the case of *Batts* v. *City of Nashville,* supra, the plaintiff was injured when she stepped into a depression or defective place in the sidewalk twelve to fourteen inches wide, which tapered to a total depth of three inches. The Court of Appeals affirmed the action of the trial judge in directing a verdict in favor of the defendant municipality.

It is to be noted in the present case that the alleged defect has none of the elements of a concealed hazard or a trap. *Johnson* v. *Tennessean Newspaper, Inc.,* 192 Tenn. 287, 241 S. W. (2d) 399.

The rule in the case of slippery streets has no application here. *Osborn* v. *City of Nashville,* 182 Tenn. 197, 185 S. W. (2d) 510.

It was held in *Wiltz* v. *City of New Orleans,* 2 La. App. 444, that a hole in the sidewalk ten to twelve inches square and four to five inches deep was not actionable. In this connection see *Powers* v. *City of East St. Louis,* 161 Ill. App. 163; *Hupfer* v. *City of North Platte,* 134 Neb. 585, 279 N. W. 168; *Barnett* v. *Elizabeth City,* 222

N. C. 760, 24 S. E. (2d) 264; *Dumary* v. *Village of Athens*, 273 App. Div. 145, 76 N. Y. S. (2d) 630.

It is our view of the case that the defect did not constitute actionable negligence and therefore the trial judge should have directed the verdict in favor of the City at the close of plaintiffs' proof.

It will be noted that we have not discussed the question of contributory negligence of the plaintiffs, nor have we discussed the question of momentary forgetfulness conceding that it was negligence.

In the situation before us we think it is clear that the rule in *City of Memphis* v. *McCrady,* supra, applies and is the law of this State, and this Court has consistently followed the McCrady case through the years.

In the present case there was no actionable negligence on the part of the City, and it results that the judgment of the lower courts will be reversed and the suits dismissed.

BURNETT, Justice (dissenting).

I am forced to dissent from the majority opinion. I feel that the facts of this case present a jury question as was determined by the trial court and the Court of Appeals. There is a disputed question of fact here involved wherein reasonable men disagree and under such circumstances the question is one for the jury under proper instructions from the court.

The majority opinion is apparently bottomed on the case of *City of Memphis* v. *McCrady,* 174 Tenn. 162, 124 S. W. (2d) 248. This case, the McCrady case, only decides that in these sidewalk cases,

*"where the evidence is conflicting, or the facts such as to authorize different inferences as to whether the defect is a dangerous obstruction calculated to cause*

*injury, the case must be submitted to the jury, but, where the defect or obstruction is such that reasonable men would not differ in the conclusion that the obstruction or defect was not dangerous to travel in the ordinary modes by persons exercising due care, a verdict should be directed."* 174 Tenn. at page 166, 124 S. W. (2d) at page 249. (Emphasis mine.)

It is true that in this case this Court affirmed the Court of Appeals in holding that a verdict should have been directed, that is, under the facts and circumstances as shown in the case. But the point of the McCrady case is that the facts in that particular case authorize the direction of the verdict. We in this State have no statute specifying what shall be negligence on the part of the City in the control of its sidewalks. We must apply the common law and where the evidence is conflicting the question must be submitted to a jury.

In the case now before us there is a conflict in the evidence as to whether or not the acts of the City in allowing the sidewalk to become in the condition that it was in was negligence; whether or not these parties were barred because of their proximate contributory negligence and all of those things. It is and has always been the law in this State that:

"upon a motion for peremptory instruction, the entire evidence must be looked to, and that it must be given the construction most favorable to the adversary party, and all reasonable inferences allowed in his favor, and that, if there is then seen to be a dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion should be denied." *Johnston* v. *Cincinnati, N. O. & T. P. R. Co.,* 146 Tenn. 135, 149, 240 S. W. 429, 433.

The liability of the City for injuries from defects or obstructions in the sidewalks, as here, is for negligence, and for negligence only. *Brown* v. *City of Chattanooga,* 180 Tenn. 284, 174 S. W. (2d) 466; *City of Memphis* v. *McCrady,* supra, and others. Of course the City is not an insurer of these people walking along the sidewalk nor is it required to keep this sidewalk absolutely safe for these pedestrians but it is required to exercise ordinary or reasonable care in maintaining these sidewalks in a reasonably safe condition for the travel of these ladies as well as others who are using the sidewalks in a proper manner with due care. See authorities cited, supra. The fact that other sidewalks were permitted to remain in a similar condition as the one on which these ladies fell and sustained their injuries is no defense to the City's liability.

We have recognized in all of our authorities that there is no hard and fast rule as to the depth or character or extent of the defect in the sidewalk to impose liability on the City but we must take each case as we find it and then determine whether or not there is sufficient or insufficient proof to go to the jury as to whether or not the City has maintained the sidewalks in a reasonably safe condition for ordinary purposes of those using the sidewalks under the particular circumstances as they exist. I think that the test to be applied in determining whether or not Memphis has performed its duty with respect to the care of this sidewalk is whether a reasonably cautious person, having the duty to preserve and repair the walks, would consider a particular defect as one which might cause pedestrians to be injured. Clearly under the facts of this case it is for the jury to determine along with all the evidence showing knowledge or lack of knowledge on the part of these women at the time what care they were

exercising, etc. It is clear that different men can disagree on these things as is evidenced by what has been done in this particular case—the two lower courts holding that it was a matter for the jury.

These ladies in using this sidewalk had the right to use it in the ordinary manner, and the right to assume that the sidewalk was in a reasonably or ordinary safe condition, but they are required at the same time to exercise ordinary care in view of the surrounding facts and circumstances. These things under the facts here adduced make a jury question.

In Volume 19, of the Third Edition of McQuillin on Municipal Corporations, at Sec. 54.80 and on page 270 will be found a list of cases in which persons fell by reason of defects in sidewalks caused by the roots of the trees growing under the blocks of the sidewalks and raising them, etc. I have read several of these cases. Some of them go off on the statute of the particular State. There is one from Illinois, *Fromme* v. *City of Girard*, 295 Ill. App. 144, 14 N. E. (2d) 690, 691, which I think is very much in point here. The Court said:

"It appears from the greater weight of the evidence that on April 19, 1933, at about 7:30 p. m., the plaintiff, her sister, and a property owner who was taking them to see some property they contemplated renting, were walking along a public concrete sidewalk in an easterly direction in said city when plaintiff stumbled over a block or section of the concrete walk which was elevated from two and one-half to four inches above the level of the adjoining section, causing plaintiff to fall on the sidewalk and sustain a fractured patella, injuries to her left knee, a 'Colles fracture' of the right arm, and a wrist injury; that she received hospital treatment at Carlinville and

Springfield, and suffered serious disabilities, some of which were of a permanent nature. The sidewalk was raised by growing roots of trees which were placed between the sidewalk in question and the curb line in the city street. It was shown that officials of the city, including the street superintendent, knew of and had inspected this defect and the raised place in the sidewalk in question several months prior to the date of injury, but that nothing was done to change the conditions. It further appears that at and near the point or place of injury, which was located about a block from the public square and a half block from the Interurban street car station, the street was poorly lighted, and that plaintiff was not familiar with the surroundings on the street where the injury occurred. A city is required to exercise reasonable care to keep its sidewalks in a reasonably safe condition for the amount and kind of travel which may fairly be expected upon them. * * *

''The questions of due care and negligence proximately resulting in the injury complained of were clearly questions of fact which were passed upon by the presiding and two associate judges, sitting en banc, to whom the case had been submitted by waiver of a jury and agreement of the parties, and this court is of the opinion that the judgment of the trial court was in accord with the greater weight of the evidence. The evidence showing the nature and extent of the injuries sustained and expenses incurred by plaintiff fully justified the amount of the judgment entered, and the same was in no wise excessive.''

What is being held by the majority opinion is one of two things—either that these ladies are barred from recovery because as a matter of law their contributory

negligence bars them or that in a 2½ to 3 inch break there is no negligence on the part of the City. In my judgment either is a misapplication of the law.

For the reasons herein expressed I am clearly of the opinion that the questions here presented were questions for the jury and that we should not direct a verdict under the facts of this case for the City. It is for this reason that I most respectfully dissent from the majority opinion.

## On Petition to Rehear.

Prewitt, Justice.

A petition to rehear has been filed herein which has been given our careful attention. This petition points to no part of the record that we overlooked, and we are content to rest our decision on *City of Memphis* v. *Mc-Crady*, 174 Tenn. 162, 124 S. W. (2d) 248.

It results that we have considered the petition to rehear and find it without merit, and it is denied.