# EFFIE HENRY v. CITY OF NASHVILLE. —318 S. W. (2d) 567.

Middle Section.   July 3, 1958.

Certiorari denied by Supreme Court December 12, 1958.

Louis Ferguson, Nashville, for plaintiff.

Frank S. King, Jr., Nashville, for defendant.

FELTS, J. ■ Mrs. Effie Henry slipped into a hole on the sidewalk on Union Street, fell, broke her left arm, and suffered other injuries; and she brought this suit against the City of Nashville for damages, alleging that the city, in allowing the defect to exist, was guilty of negligence causing her injuries.

Defendant city pleaded not guilty, the case was tried before the Circuit Judge and a jury. At the close of the evidence for plaintiff, the Trial Judge directed a verdict for defendant, upon the ground that the hole in the sidewalk did not constitute an actionable defect. Plaintiff appealed in error and insists that the evidence made the issue a question for the jury and the Judge should have submitted the case to them.

The accident occurred about 2:30 P.M. on July 31, 1956. Plaintiff got off a bus at the corner of Fourth Avenue and Union Street. She was corpulent, weighing 237 pounds. She walked east on the sidewalk on the north side of Union Street toward Third Avenue. After crossing Printers' Alley and walking about 38 feet, she heard a siren, looked around, stepped into the hole without seeing it, and fell, suffering the injuries sued for.

At the point where she fell, the sidewalk was broken and rough in a number of places. Its condition is shown by two photographs sent up. It appears that the place where plaintiff stepped and fell was a depression caused by the wearing or breaking of the concrete surface which was perhaps a foot in length and 8 or 10 inches in width, varying in depth from nothing to 1½ or 2 inches.

It is difficult to draw a line between actionable and nonactionable defects. The difficulty is illustrated by a number of cases of the Supreme Court and this Court. These are some of the cases permitting the jury to find the defect actionable:

Elrod v. Town of Franklin, 140 Tenn. 228, 204 S. W. 298 (curb box projecting 2 or 3 inches above the surface of the sidewalk); Osborn v. City of Nashville, 182 Tenn. 197, 185 S. W. (2d) 510 (paint made sidewalk slick); City of Knoxville v. Ferguson, 34 Tenn. App. 585, 241 S. W. (2d) 612 (sidewalk made slick by a bottle of Lysol dropped thereon); City of Winchester v. Finchum, 201 Tenn. 604, 301 S. W. (2d) 341 (sidewalk broken with sharp jagged edges sticking up inches high).

On the other hand, some of the cases holding the jury could not find the defects actionable are these: City of Memphis v. McCrady, 174 Tenn. 162, 164, 124 S. W. (2d) 248 (concrete block projecting up 2½ inches); Batts v. City of Nashville, 22 Tenn. App. 418, 123 S. W. (2d) 1099 (hole tapering from 1 to 3 inches deep); Rye v. City of Nashville, 25 Tenn. App. 326, 156 S. W. (2d) 460 (concrete block projecting 2 inches higher than adjacent block); Riddell v. Great Atlantic & Pacific Tea Co., 192 Tenn. 304, 241 S. W. (2d) 406 (hole varying in depth from 3 to 6 inches); Murray v. City of Nashville, 42

Tenn. App. 161, 299 S. W. (2d), 859 (depression in street of 1 to 1½ inches).

█ All the cases recognize that the question of whether the defect is actionable is to be determined not alone from its height or depth, but from all the circumstances. The test is the degree of danger, or possibility of injury, from the defect. Of course, anything that in fact causes harm is to some degree dangerous; but to impose liability, the thing must be dangerous according to common experience. According to common experience, such slight defects as the one here involved are not so dangerous that harm may reasonably be expected to result from them. Rye v. City of Nashville, supra.

Upon the authorities above cited, we think the defect here was not actionable, and the city was not bound to anticipate injury therefrom; and that there was no evidence on which the city could reasonably be found negligent, and the Trial Judge properly directed a verdict for defendant.

This disposes of all the material questions made by plaintiff. The judgment of the Circuit Court is affirmed. The costs of the cause are adjudged against plaintiff.

Hickerson and Shriver, JJ., concur.