FRANK HUBBARD, Plaintiff in Error,

*v.*

CITY OF NASHVILLE, Defendant in Error.

369 S. W. 2d 540.

(*Nashville,* December Term, 1962.)

Opinion filed July 15, 1963.

SAM E. WALLACE and CHARLES GALBREATH, Nashville, for plaintiff in error.

WALTER C. LEAVER, JR., Assistant City Attorney, Nashville, for defendant in error.

Mr. Justice Holmes delivered the opinion of the Court.

This is an action for damages for injuries alleged to have been sustained by the plaintiff in error as a result of an alleged defect in a brick sidewalk on 5th Avenue, North near Taylor Street in the City of Nashville. Among other defenses set up in the plea of the defendant City was a plea that the plaintiff "has failed to have served upon the Mayor of the defendant City of Nashville, the written notice stating the time and place where said injury was received, as provided by Tennessee Code Annotated, Section 6-1003". On the trial of the case in the Circuit Court the parties stipulated all of the facts with reference to the notice given to the City by the plaintiff and submitted to the Court for decision the question of the sufficiency of this notice under T.C.A. 6-1003. The Trial Judge held that the notice given by the plaintiff to the City did not meet the requirements of the Code Section referred to and dismissed plaintiff's suit. The plaintiff has duly perfected his appeal to this Court from the action of the Trial Judge. The one question presented is whether or not notice of the time and place of the alleged injury met the requirements of T.C.A. sec. 6-1003. This Code Section provides:

"Notice of tort action based on condition of streets.— No suit shall be brought against any municipal corporation, on account of injuries received by person or property on account of the negligent condition of any street, alley, sidewalk, or highway of such municipality, unless within ninety (90) days after such injury to the

person or property has been inflicted, a written notice shall be served upon the mayor or manager of said municipality, stating the time and place where said injury was received and the general nature of injury inflicted. The failure to give the notice prescribed in this section, within the time set out, shall be a valid defense against any liability of the municipality which might otherwise exist on account of the defective or negligent condition of said street, alley, sidewalk, or highway; and provided, further, that proof of registered letter by registry receipt addressed to the mayor or manager setting forth the injury and place of injury complained of shall be a complete compliance with this section."

The parties stipulated that plaintiff's attorney sent by registered mail, return receipt requested, a letter which was dated June 8, 1961 addressed to Mayor Ben West, City Hall, Nashville, Tennessee, and that this letter was received by the Mayor. The only respect in which the City claims the notice contained in this letter does not meet the requirements of the statute relates to the statement in the notice as to the time of the injury. The notice stated that the accident occurred "Wednesday, the 17th of May, at approximately 9:00 P.M." without stating the year in which the accident occurred. It is the contention of the City that the failure to state in the notice the year in which the injury was received makes the notice fatally defective.

The record shows that, in presenting their authorities relating to the sufficiency of notice under T.C.A. sec. 6-1003, neither party called the Trial Judge's attention to *Brown v. City of Chattanooga*, 180 Tenn. 284, 174 S.W.2d

466. This case is not referred to in the briefs of either of the parties filed in this Court. One of the questions made in *Brown v. City of Chattanooga,* was the sufficiency of notice under this same Code Section. In that case the notice was dated November 5, 1940 and stated that "on October 24, at about noon-day, Mrs. Belle Brown," received an injury. The notice itself in that case, just as in the case now before the Court, failed to state the year in which the accident happened. The notice itself in that case was fully dated, just as was the notice in this case. In the Brown case this Court held that the failure to state the year in which the accident happened did not render the notice invalid where the notice itself was fully dated. The Court in that case stated:

"We are of opinion that where the notice is fully dated, month, day and year, and the body of the notice, as in this case, shows the month and day without the year, but that the month is a recent one and especially so since coming within the same year of the fully dated notice, that this is sufficient."

In discussing *Avant v. City of Memphis,* 13 Tenn.App. 362, which is strongly relied upon by the City in the present case, this Court in the Brown case calls attention to the fact that the notice in *Avant v. City of Memphis,* supra, was not fully dated as in the instant case.

A letter dated June 8, 1961, attempting to give notice within ninety days after the receipt of an injury, which refers to the date of the injury as "Wednesday, the 17th of May" could refer only to May 1961. In passing upon the sufficiency of notice to a municipal corporation under statutes similar to T.C.A. sec. 6-1003, other courts of last resort have reached the same conclusion that was

reached by this Court in *Brown v. City of Chattanooga*, supra. In *Schmidt v. Manchester*, 92 Conn. 551, 103 A. 654, the notice of the accident was dated October 2, 1915. This notice stated that the plaintiff was injured on Tuesday evening, September 28th, without stating the year. In holding that such a notice complied with the Connecticut statute, the Court in that case stated:

"When this notice is so considered in its entirety, it is hardly conceivable that any person in the exercise of ordinary care and intelligence could have been misled as to the date of the accident because the notice failed to directly state that it occurred in 1915."

The Court, in *Dunn v. Boise City*, 45 Idaho 362, 262 P. 507, had before it the same alleged defect in a notice to a municipal corporation. In holding the notice sufficient, the Court stated:

"Since the law requires that all claims for damages must be filed within 30 days after 'such claims for damages shall have accrued,' the city could not have been misled because of the omission of the year from the 'time' set forth. 'The damages could not have accrued,' for the claims to have any validity, during any other year than 1925."

Cases from a number of jurisdictions dealing with the sufficiency of notice of claim against a municipality with reference to the time when an accident occurred are collected in McQuillen on Municipal Corporations, 3rd Edition, Vol. 18, Sec. 53.166, and an annotation in 63 A.L.R.(2d) 888, and particularly at pages 896 and 897 of the annotation.

In view of the fact that the decision of this case is con-

trolled by *Brown v. City of Chattanooga,* supra, further discussion of the authorities is unnecessary.

It should be stated that the record shows that the Trial Judge decided the question as he did solely because he felt bound by the authorities which were presented to him. *Brown v. City of Chattanooga,* supra, was no doubt overlooked by counsel because it does not appear in the annotation following T.C.A. sec. 6-1003.

It results that the judgment of the Trial Court is reversed and the cause is remanded to the Circuit Court of Davidson County for further proceedings not inconsistent with this opinion. The costs of the appeal are adjudged against the City of Nashville. The costs in the court below will abide the final determination of this cause.